UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY'S BULLFROG BEES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUNLAND TRADING, INC., et al.,<br><br>Defendants. | No. 2:21-cv-00582-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendants Sunland Trading, Inc., Dutch Gold Honey, Inc., Barkman Honey, LLC, True Source Honey, LLC, NSF International, and Lamex Foods, Inc.'s (collectively, "Defendants") *Ex Parte* Application to Modify the Scheduling Order. (ECF No. 37.) Plaintiffs Henry's Bullfrog Bees, Save Golden Prairie Honey Farms, LLC, and Kelvin Adee dba Adee Honey Farms (collectively, "Plaintiffs") filed a response. (ECF No. 38.) For the reasons set forth below, the Court GRANTS Defendants' *Ex Parte* Application.

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed the instant action on March 29, 2021, alleging violations of federal and state law by flooding the United States honey market with adulterated, impure, or mislabeled honey. (*See* ECF No. 1.) The Court entered its Initial Pretrial Scheduling Order on the same date. (ECF No. 3.) Pursuant to a stipulation and an Order from this Court, Plaintiffs are to file an amended complaint by June 28, 2021. (ECF Nos. 34–35.) The Court has also ordered Defendants to meet and confer with Plaintiffs prior to the amendment of their complaint, and Defendants shall have 30 days after the filing of an amendment complaint to move to dismiss, answer, or otherwise plead in response. (ECF No. 35.) Defendants filed the instant *ex parte* application on May 27, 2021, seeking to extend the Federal Rule of Civil Procedure ("Rule") 26(f) conference deadline to 60 days after service of Plaintiffs' amended complaint. (ECF No. 37.) The current Rule 26(f) conference deadline is June 16, 2021. (*Id.* at 2.) Plaintiffs filed a response on May 28, 2021. (ECF No. 38.)

## II. STANDARD OF LAW

In the instant case, the Initial Pretrial Scheduling Order provides that, pursuant to Rule 16(b), the Order "shall not be modified except by leave of court upon a showing of **good cause**." (ECF No. 3 at 6 (emphasis in original).) Rule 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations and quotations omitted). "The prejudice to opposing parties, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification." *Atayde v. Napa State Hosp.*, No. 116-CV-00398-DAD-SAB, 2020 WL 1046830, at *3 (E.D. Cal. Mar. 4, 2020), *reconsideration denied*, No. 1:16-CV-00398-DAD-SAB, 2020 WL 1937395 (E.D. Cal. Apr. 22, 2020).

Local Rule 144(c) further provides:

> The Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. Except for one such initial extension, *ex parte* applications for extension of time are not ordinarily granted.

E.D. Cal. L.R. 144(c).

### III. ANALYSIS

Defendants have filed the instant *ex parte* application requesting the Court to modify the Initial Pretrial Scheduling Order and extend the Rule 26(f) conference deadline to 60 days after service of the amended complaint.[1] (*See* ECF No. 37.) The current Rule 26(f) conference deadline is June 16, 2021. (*Id.* at 2.)

The Court finds good cause exists because Defendants have shown diligence in obtaining an extension. As noted previously, parties entered a stipulation for Plaintiffs to file an amended complaint, which the Court granted on May 25, 2021. (ECF Nos. 34–35.) Because Plaintiffs intend to file an amended complaint and have informed Defendants "that their anticipated amendments will include the addition of a newly-named defendant," Defendants contend "there is currently no operative complaint in this case." (ECF No. 37 at 8.) Defendants therefore asked Plaintiffs on May 25, 2021 to stipulate to extend the Rule 26(f) conference deadline to a date following the filing of the amended complaint, but Plaintiffs refused. (*Id.*) Defendants filed the *ex parte* application only two days later, which they assert was "as soon as practicable." (*Id.*) The Court sees no reason not to believe Defendants.

---

[1] Plaintiffs have filed a response — not in opposition to Defendants' application — but "to correct the record on several key points." (ECF No. 38 at 2.) Plaintiffs emphasize that in none of their prior discussions with Defendants did Defendants propose or request a continuance of the Rule 26(f) conference deadline. (*Id.*) Plaintiffs contend that during meet and confer on May 25, 2021, Defendants objected to setting a date for the Rule 26(f) conference. (*Id.* at 3–4 (emphasis omitted).) Counsel for Defendant Dutch Gold Honey, Inc. informed Plaintiffs on May 27, 2021 that "they would be moving to stay all discovery and extend the deadline for a Rule 26(f) conference," but did not "indicate the length of the proposed extension." (*Id.*) Plaintiffs note that on the same day, they proposed "the parties stipulate and jointly request the Court continue the current deadline to engage in a Rule 26(f) conference 60 days and allow third-party discovery to commence on June 7, 2021," which Defendants rejected. (*Id.*)

3

Further, pursuant to Local Rule 144(c), Defendants have attached a signed declaration from counsel for Defendant Sunland Trading, Inc., Catherine S. Simonsen, who states that Plaintiffs' counsel requested the parties to schedule a Rule 26(f) conference for June 7, 2021. (ECF No. 37-1 at 2.) Ms. Simonsen asked Plaintiffs' counsel whether Plaintiffs would agree to stipulate to extend the Rule 26(f) conference deadline until after Plaintiffs have filed their amended complaint and whether Defendants would agree to stay discovery pending a ruling on Defendants' anticipated motion to dismiss the amended complaint. (*Id.*) Ms. Simonsen notes that Plaintiffs' counsel "refused both requests" and "advised that [D]efendants would have to file a motion with the Court to obtain such relief."[2] (*Id.*)

Regardless of what actually was stated or discussed during the May 25, 2021 meet and confer by counsel, the Court finds that modification of the Initial Pretrial Scheduling Order serves the interests of judicial economy and is consistent with the Court's inherent power to control its docket. *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (citing *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)). Defendants maintain they would be prejudiced if required to confer prior to Plaintiffs' filing of their amended complaint "because they cannot adequately discuss the nature and basis of [P]laintiffs' claims and [their] defenses without an operative complaint." (*Id.* at 9.) Defendants further note that "the Rule 26(f) conference should not take place until [P]laintiffs have identified and served the additional party they have advised they intend to add as a defendant, so that it can be included in the conference." (*Id.* at 9–10.) The Court agrees and also notes that the requested extension of the Rule 26(f) conference deadline is not an extraordinarily lengthy amount of time. As such, the risk of prejudice to the parties is minimal.

---

[2] In response, Plaintiffs have attached a signed declaration from their counsel, Gillian L. Wade, in which Ms. Wade notes that during the meet and confer on May 25, 2021, she attempted to set a date for the Rule 26(f) conference in accordance with the Initial Pretrial Scheduling Order, but Defendants' counsel "uniformly objected to setting a date on the grounds discovery was premature and demanded that the conference be postponed until after the Court ruled on their anticipated motions to dismiss (which, per the [s]tipulation of the parties entered on May 25, will not even be filed until 30 days after Plaintiffs' June 28, 2021 deadline to amend the [C]omplaint)." (ECF No. 38-1 at ¶ 6.)

4

Accordingly, the Court finds good cause exists to modify the Initial Pretrial Scheduling Order pursuant to Rule 16. *See Johnson*, 975 F.2d at 609.

### IV. CONCLUSION

For the foregoing reasons, Defendants' *Ex Parte* Application to Modify the Initial Pretrial Scheduling Order (ECF No. 37) is GRANTED. The Court resets the Rule 26(f) conference deadline to 60 days after the electronic filing date of Plaintiffs' amended complaint.

IT IS SO ORDERED.

DATED: June 1, 2021

Troy L. Nunley
United States District Judge