1  **MILSTEIN JACKSON**
   **FAIRCHILD & WADE, LLP**
2  Gillian L. Wade, State Bar No. 229124
   *gwade@mjfwlaw.com*
3  10990 Wilshire Boulevard, 8th Floor
   Los Angeles, California 90024
4  Telephone: (310) 396-9600

5  **REESE LLP**
   Michael R. Reese, State Bar No. 206773
6  *mreese@reesellp.com*
   100 West 93rd Street, 16th Floor
7  New York, New York 10025
   Telephone: (212) 643-0500

8
   **FITZGERALD JOSEPH LLP**
9  Jack Fitzgerald, State Bar No. 257370
   *jack@fitzgeraldjoseph.com*
10 2341 Jefferson Street, Suite 200
   San Diego, California 92110
11 Telephone: (619) 215-1741

12 [Additional counsel listed on signature page]

13 *Counsel for Plaintiffs*

14                    **UNITED STATES DISTRICT COURT**

15                    **EASTERN DISTRICT OF CALIFORNIA**

16                         **SACRAMENTO DIVISION**

17
   HENRY'S BULLFROG BEES, a California          Case No. 2:21-cv-00582-TLN-CKD
18 apiary; GOLDEN PRAIRIE HONEY
   FARMS CORPORATION, d/b/a VALOR               **PLAINTIFFS' OPPOSITION TO**
19 HONEY, a Kansas not for profit corporation;  **DEFENDANTS' MOTION TO STAY**
   and KELVIN ADEE, an individual, on behalf    **DISCOVERY**
20 of themselves, all others similarly situated,
   and the general public,                      Date: February 24, 2022
21                                               Time: 2:00 p.m.
                      Plaintiffs,               Place: Courtroom 2, 15th Floor
22                                               Judge: Honorable Troy L. Nunley
            v.
23
   SUNLAND TRADING, INC.; LAMEX
24 FOODS, INC.; ODEM INTERNATIONAL
   INC.; BARKMAN HONEY, LLC; DUTCH
25 GOLD HONEY, INC.; TRUE SOURCE
   HONEY, LLC; AMERICAN ANALYTICAL
26 CHEMISTRY LABORATORIES CORP.;
   and NSF INTERNATIONAL,
27
                      Defendants.
28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................................ 2

I.      Relevant Factual Background ..................................................................................... 2

II.     Relevant Procedural History ....................................................................................... 3

ARGUMENT .......................................................................................................................... 4

I.      The Court Should Deny Defendants' Request to Stay Discovery Because They
        Have Not Met Their "Heavy Burden" to Show Good Cause for a Blanket Stay of
        Discovery ................................................................................................................... 5

        A.      Defendants Have Not Attempted to Demonstrate an "Immediate and Clear
                Possibility" That the Court Will Grant Their Motions to Dismiss ........................ 6

                i.       Merely Filing a Motion to Dismiss Does Not Warrant a Stay .................... 7

                ii.      Defendants' Motions to Dismiss Lack Merit ............................................. 8

        B.      If the Court Denies Defendants' Motion to Stay Discovery, Plaintiffs
                Would Serve Discovery Requests That Are Relevant to Defendants'
                Motions to Dismiss .................................................................................. 11

        C.      Defendants Have Failed to Show They Would Suffer Any Specific
                Prejudice or Harm If Discovery Proceeds ............................................... 12

                i.       The Fact That This Is an Antitrust Case Does Not Justify a Stay ............. 13

CONCLUSION ..................................................................................................................... 15

1

# TABLE OF AUTHORITIES

2

<u>CASES</u>

3

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) ................................................................................. 5

4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................. 14, 15

5

6

*Benavidez v. County of San Diego*,
993 F.3d 1134 (9th Cir. 2021) ............................................................................. 9

7

*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*,
490 F.3d 718 (9th Cir. 2007) ............................................................................. 13

8

9

*Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*,
2021 WL 2457482 (E.D. Cal. June 16, 2021) ..................................................... 7

10

*Commodity Futures Trading Comm'n v. Fin. Tree*,
2021 WL 2681920 (E.D. Cal. June 30, 2021) ................................................... 13

11

12

*Driscoll's, Inc. v. Cal. Berry Cultivars, LLC*,
2021 WL 4942877 (E.D. Cal. Oct. 22, 2021) ................................................. 5, 6

13

*EHang Inc. v. Wang*,
2021 WL 3934325 (N.D. Cal. Aug. 20, 2021) .................................................... 7

14

15

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ........................................................................... 11

16

*Flores v. Merck & Co.*,
2021 WL 4781503 (D. Nev. Oct. 13, 2021) ...................................................... 12

17

18

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003) ....................................................................... 5, 12

19

*Glob. Commodities Trading Grp., Inc. v. Beneficio De Arroz Choloma, S.A.*,
2016 WL 7474912 (E.D. Cal. Dec. 29, 2016) ................................................... 11

20

21

*Gray v. First Winthrop Corp.*,
133 F.R.D. 39 (N.D. Cal. 1990) ........................................................................... 5

22

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
192 F.R.D. 284 (S.D. Cal. 2000) ..................................................................... 2, 6

23

24

*In re Flash Memory Antitrust Litig.*,
2008 WL 62278 (N.D. Cal. Jan. 4, 2008) ......................................................... 14

25

*In re Graphics Processing Units Antitrust Litig.*,
2007 WL 2127577 (N.D.Cal. July 24, 2007) .................................................... 14

26

27

*Kennedy v. Full Tilt Poker*,
2010 WL 11597364 (C.D. Cal. May 6, 2010) ................................................... 15

28

*Kor Media Grp., LLC v. Green*,
    294 F.R.D. 579 (D. Nev. 2013) ................................................................ 6, 7, 12

*Lemmon v. Pierce Cty.*,
    2021 WL 5217291 (W.D. Wash. July 7, 2021) ........................................ 7

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1988) ..................................................................... 5

*Lowery v. F.A.A.*,
    1994 WL 912632 (E.D. Cal. Apr. 11, 1994) ............................................ 5

*Mlejnecky v. Olympus Imaging Am., Inc.*,
    2011 WL 489743 (E.D. Cal. Feb. 7, 2011) ....................................... passim

*Ocean Garden Prod. Inc. v. Blessings Inc.*,
    2020 WL 4284383 (D. Ariz. July 27, 2020) ............................................ 8

*Oertell v. Six Flags Ent. Corp.*,
    2018 WL 489154 (E.D. Cal. Jan. 19, 2018) ............................................. 6

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
    2018 WL 1569811 (N.D. Cal. Feb. 16, 2018) ................................... passim

*Rutman Wine Co. v. E. & J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987) ................................................................ 7, 15

*Salazar v. Honest Tea, Inc.*,
    2015 WL 6537813 (E.D. Cal. Oct. 28, 2015) ...................................... 6, 7

*San Francisco Tech. v. Kraco Enterprises LLC*,
    2011 WL 2193397 (N.D. Cal. June 6, 2011) ...................................... 5, 12

*Seven Springs Ltd. P'ship v. Fox Cap. Mgmt. Corp.*,
    2007 WL 1146607 (E.D. Cal. Apr. 18, 2007) .......................................... 6

*Skellerup Indus. Ltd. v. City of Los Angeles*,
    163 F.R.D. 598 (C.D. Cal. 1995) ...................................................... 7, 12

*Spearman v. I Play, Inc.*,
    2018 WL 1382349 (E.D. Cal. Mar. 19, 2018) ......................................... 6

*Top Rank, Inc. v. Haymon*,
    2015 WL 9952887 (C.D. Cal. Sept. 17, 2015) ................................. 14, 15

*U.S. ex rel. Silingo*,
    904 F.3d 667 (9th Cir. 2018) ................................................................. 10

*United States ex rel Modglin v. DJO Glob. Inc.*,
    2014 WL 12564275 (C.D. Cal. Feb. 20, 2014) ..................................... 15

*Wenger v. Monroe*,
    282 F.3d 1068 (9th Cir. 2002) ................................................................. 2

*Wood v. McEwen*,
　　644 F.2d 797 (9th Cir. 1981) ................................................................. 1, 6

**STATUTES**

15 U.S.C. § 78u-4 ............................................................................................... 13

California's Cartwright Act, CAL BUS. & PROF. CODE § 16720 .......................... 3

California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* .................. 3, 10

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* .............. 3, 10, 15

Sherman Antitrust Act, 15 U.S.C. § 1 ................................................................... 3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 1 ................................................................. 1, 13

Federal Rule of Civil Procedure 8 ...................................................................... 15

Federal Rule of Civil Procedure 9 ............................................................. 2, 9, 15

Federal Rule of Civil Procedure 12 ........................................................... passim

Federal Rule of Civil Procedure 15 ...................................................................... 11

Federal Rule of Civil Procedure 26 ........................................................... passim

1    Plaintiffs Henry's Bullfrog Bees, Golden Prairie Honey Farms Corporation (d/b/a Valor

2    Honey), and Kelvin Adee (collectively, "Plaintiffs") respectfully submit this memorandum of

3    points and authorities in opposition to the motion to stay discovery filed by Defendants Sunland

4    Trading, Inc. ("Sunland"), Lamex Foods, Inc. ("Lamex"), Export Packers Company Limited (d/b/a

5    Odem International) ("Odem"), Barkman Honey, LLC ("Barkman"), Dutch Gold Honey, Inc.

6    ("Dutch Gold"), True Source Honey, LLC ("True Source"), and NSF International ("NSF")

7    (collectively, "Defendants"). *See* Defs.' Mot. Stay Disc., ECF No. 88 ("Mot." or "Motion").

8    For the reasons below, Defendants' Motion is meritless, and the Court should deny it.

9                                **INTRODUCTION**

10    Delay of justice results in the denial of justice. During a stay, witnesses relocate, memories

11    fade, and persons aggrieved are unable to seek vindication or redress. Unwarranted delay thwarts

12    the goal of Federal Rule of Civil Procedure 1, to "secure the just, speedy, and inexpensive

13    determination of every action and proceeding." FED. R. CIV. P. 1.

14    Moreover, there is no automatic stay of discovery during the pendency of a motion to

15    dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Instead, as Defendants admit, a party

16    moving to stay discovery while a motion to dismiss is pending must show good cause to do so

17    under Federal Rule of Civil Procedure 26(c).

18    Defendants' Motion does not come close to meeting their "heavy burden" of making a

19    "strong showing" as to why this meritorious action should be stayed. Defendants' superficial

20    statements and vague articulations are insufficient. They do not, as they must, attempt to take a

21    "peek" at the merits of their motions to dismiss,[1] instead offering only conclusory assertions. They

22    fall far short of any effort to show there is an "immediate and clear possibility," or to leave the

23    Court "convinced," that their motions to dismiss will prevail.[2]

---

24    [1] "District courts have consistently found that a judge deciding whether to issue a stay of discovery

25    should take a 'peek' at the merits of the potentially dispositive motion in evaluating whether a stay
       should issue." *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *8 (E.D. Cal. Feb.

26    7, 2011).

27    [2] A "district court may . . . stay discovery when it is ***convinced*** that the plaintiff will be unable to
       state a claim for relief. *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1

28    (N.D. Cal. Feb. 16, 2018) (emphasis added) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th

Defendants' Motion to Stay boils down to an argument that the Court should stay discovery because (i) Defendants have filed motions to dismiss pursuant to Rule 12(b)(6) and Rule 9(b); (ii) antitrust discovery, by its very nature, is burdensome; and (iii) Plaintiffs will eventually have 18 months to conduct discovery, after Defendants file their answers. These arguments fall far short of satisfying the "heavy burden" to show "good cause" sufficient to justify a stay of discovery. The Court should deny Defendants' Motion and allow discovery to proceed apace.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### I.     Relevant Factual Background

Since at least 2017, Sunland, Lamex, and Odem (the "Importer Defendants") have distributed low-cost, low-quality, fake honey purporting to be genuine to entities throughout the United States, including to Barkman and Dutch Gold (the "Packer Defendants"). First Am. Compl. ¶¶ 100-19, ECF No. 43 ("FAC"). The Packer Defendants knowingly purchase the fake honey, process it, and resell it in the U.S. retail, wholesale, and bulk ingredient markets as genuine. *Id.* ¶¶ 106-07, 120-30. True Source facilitates this fraud by coordinating with NSF (the "Certifier Defendants"), to audit, test, and certify "the origin, food safety, and purity of the honey." *Id.* ¶ 61; *see also id.* ¶¶ 1, 7-14, 45, 81-83, 110, 125, 180, 267. Despite claiming to be an industry watchdog ensuring the supply chain is free from adulterated honey, however, True Source intentionally fails to monitor the Importer and Packer Defendants for compliance with the its own certification requirements. *Id.* at ¶¶ 86, 89, 92-93. True Source has a strong interest in perpetuating the fraud, since its Board of Directors is comprised of the entities that it audits. *Id.* at ¶ 86. Both the Importer and Packer Defendants, as members of True Source, utilize the True Source Certified Seal to represent the honey they sell is authentic. *Id.* ¶¶ 69, 72-73, 83.

By conspiring to import and sell fake honey certified as genuine, Defendants harmed and continue to harm the U.S. honey market, including Plaintiffs and other domestic commercial beekeepers who sell genuine honey. *Id.* ¶ 131. The Importer and Packer Defendants sell the fake

Cir. 1981)); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002). A party seeking a discovery stay must demonstrate an "immediate and clear possibility" that the Court will grant its motion to dismiss. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000).

1  honey in the U.S. for substantially less than the fair market price of the genuine honey produced

2  and sold by Plaintiffs and the class members. *Id.* ¶ 132. As a direct and proximate result of

3  Defendants' fraudulent conduct, Plaintiffs and the class members lost sales of genuine honey to

4  Defendants, or had to sell their genuine honey at deeply-discounted prices, eliminating or severely

5  impeding their ability to profit or increase their output. *Id.* ¶ 135. Plaintiffs seek compensatory and

6  prospective injunctive relief relating to Defendants' violations of the Racketeer Influenced and

7  Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"); the Sherman Antitrust Act, 15

8  U.S.C. § 1; California's Cartwright Act, CAL. BUS. & PROF. CODE § 16720; and California's Unfair

9  Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* ("UCL"); and for Defendants' unjust

10  enrichment. FAC ¶¶ 3, 154-274.

11  **II.  Relevant Procedural History**

12  Plaintiffs filed this case on March 29, 2021. Compl., ECF No. 1. On June 28, 2021,

13  Plaintiffs filed the FAC. On August 6, 2021, the Court approved a stipulation of the parties and

14  ordered, among other things, that "[a]ll discovery in this case shall be stayed until 60 days

15  following the filing of the last reply filed in support of any defendant(s)' motion(s) to dismiss the

16  [FAC]" (the "Discovery Stay Period"); that the "deadline for the parties to confer as required by

17  Federal Rule of Civil Procedure 26(f) shall be extended to the earlier of (i) 60 days following the

18  filing of the last reply filed in support of any defendant's motion(s) to dismiss the [FAC], and (ii)

19  30 days following the last Court order ruling on all motions to dismiss (to the extent any claims

20  remain following an order)"; and that "[t]he deadline to complete all discovery, with the exception

21  of expert discovery, shall be extended to 18 months from the date upon which the last answer may

22  be filed with the Court pursuant to the Federal Rules of Civil Procedure." Joint Stip. & Order re

23  Disc. Stay & Deadlines 3, 8, ECF No. 57.

24  Defendants moved to dismiss the FAC on August 16, 2021, noticing November 18, 2021,

25  as the hearing date. ECF Nos. 64, 67-68, 70-72. Plaintiffs opposed on September 30, 2021, ECF

26  Nos. 74-79, and Defendants filed replies on November 8 through November 10, 2021, ECF Nos.

27  82-87. On November 5, 2021, the Court took the motions under submission without oral argument

28  and vacated the hearing. ECF No. 81.

Because the last reply in support of Defendants' motions to dismiss was filed on November 10, 2021, and the Court has not yet ruled on any of Defendants' motions to dismiss, the Discovery Stay Period ended 60 days after November 10, on January 9, 2022. ECF No. 57. The parties were also required to meet and confer pursuant to Rule 26(f) on or before January 9, 2022. *Id.* The parties, however, did not meet and confer under Rule 26(f) prior to January 9, 2022. Decl. Persinger ¶ 5 (filed concurrently herewith). Plaintiffs reached out to Defendants on January 14, 2022, and requested that the Rule 26(f) conference go forward. *Id.* ¶ 6. The parties met and conferred on January 19, 2022. *Id.* ¶ 7. During the meet and confer, Defendants rejected Plaintiffs' request to hold the Rule 26(f) conference[3] and took the position that discovery should be stayed pending decisions on Defendants' motions to dismiss. *Id.* ¶ 8. Plaintiffs pointed out that a Rule 26(f) conference is precisely the forum for discussing appropriate limitations on or phasing of discovery, which Plaintiffs would do in good faith, but that outright refusal to engage in the conference in the first instance was improper. *Id.*

Plaintiffs thus informed Defendants they intended to move to compel the parties to hold the Rule 26(f) conference by means of a Joint Statement of Discovery Disagreement pursuant to Local Rule 251. *Id.* Defendants disagreed that Local Rule 251 applies to the parties' discovery dispute and indicated they would file their own motion to stay discovery. *Id.* At 3:22 p.m. on January 25, 2022, Plaintiffs' counsel sent a draft of the Joint Statement of Discovery Disagreement to counsel for Defendants. *Id.* ¶ 9. A few hours later, at 6:38 p.m., Defendants filed the instant Motion. *Id.* ¶ 10; ECF No. 88. Defendants sent back their portion of the joint statement, six days later, on February 3, 2022. Decl. Persinger ¶ 11. Because Defendants edited *Plaintiffs'* portion of the joint statement, however, the parties have been unable to agree on a draft to date. *Id.* ¶ 12.

## ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional

---

[3] Defendants' refusal to participate in a Rule 26(f) conference with Plaintiffs flouts an express Order of the Court. ECF No. 57. While Defendants seek to stay discovery via this Motion, the pendency of this Motion does not excuse Defendants from participating in the Rule 26(f) conference as ordered by this Court.

1   to the needs of the case" and that "[i]nformation within this scope of discovery need not be

2   admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

3          As Defendants acknowledge, Federal Rule of Civil Procedure 26(c) governs stays of

4   discovery. *See San Francisco Tech. v. Kraco Enterprises LLC*, 2011 WL 2193397, at *2 (N.D.

5   Cal. June 6, 2011); Mot. at 5. Under the Rule, "[t]he court may, for good cause, issue an order to

6   protect a party or person from . . . undue burden or expense," including forbidding discovery. FED.

7   R. CIV. P. 26(c).

8          To show "good cause" in this context, the moving party bears a "heavy burden" that

9   requires a "strong showing" sufficient to justify deviation from the default rule permitting

10  discovery. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *accord Driscoll's,*

11  *Inc. v. Cal. Berry Cultivars, LLC*, 2021 WL 4942877, at *5 (E.D. Cal. Oct. 22, 2021) ("It is well-

12  established that a party seeking a stay of discovery carries the heavy burden of making a strong

13  showing why discovery should be denied."). Meeting this high standard requires a showing that

14  "specific prejudice or harm will result" if no stay is ordered. *Foltz v. State Farm Mut. Auto. Ins.*

15  *Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Vague generalizations are insufficient. *Beckman Indus.,*

16  *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm,

17  unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

18  "The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d

19  681, 685 (9th Cir. 1988).

20      **I.      The Court Should Deny Defendants' Request to Stay Discovery Because They
                  Have Not Met Their "Heavy Burden" to Show Good Cause for a Blanket Stay**
21                **of Discovery**

22         In California's district courts, "[a] two-pronged test is used to determine whether a

23  protective order should issue staying discovery." *Driscoll's, Inc.*, 2021 WL 4942877, at *5 (citing

24  *Lowery v. F.A.A.*, 1994 WL 912632, at *3 (E.D. Cal. Apr. 11, 1994)). "First, a pending motion

25  must be potentially dispositive of the entire case, or at least dispositive on the issue at which

26  discovery is directed." *Id.* "Second, the court must determine whether the pending dispositive

27  motion can be decided absent discovery." *Id.* "If the court answers these two questions in the

28  affirmative, a protective order may ensue." *Lowery*, 1994 WL 912632, at *3. "However, if either

1  prong of this test is negative, discovery proceeds." *Id.*

2       Furthermore, "[i]n evaluating a motion to stay, a court 'inevitably must balance the harm

3  produced by a delay in discovery against the possibility that the motion will be granted and entirely

4  eliminate the need for such discovery.'" *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1

5  (E.D. Cal. Oct. 28, 2015); *accord Oertell v. Six Flags Ent. Corp.*, 2018 WL 489154, at *2 (E.D.

6  Cal. Jan. 19, 2018) (Nunley, J.).

7       As discussed below, Defendants' Motion fails both prongs of the two-part test, *see infra*

8  Argument §§ I.A-B, and Defendants otherwise fail to carry their heavy burden to demonstrate

9  good cause to stay discovery while their motions to dismiss are pending, *see infra* Argument § I.C.

10      **A.      Defendants Have Not Attempted to Demonstrate an "Immediate and**
          **Clear Possibility" That the Court Will Grant Their Motions to Dismiss**
11

12       To satisfy the first prong of the two-part test, it is not enough for a moving party to show

13  only that its motion to dismiss, if granted, would dispose of the entire case. Rather, "[d]istrict

14  courts have consistently found that a judge deciding whether to issue a stay of discovery should

15  take a 'peek' at the merits of the potentially dispositive motion in evaluating whether a stay should

16  issue." *Mlejnecky*, 2011 WL 489743, at *8; *accord Driscoll's, Inc.*, 2021 WL 4942877, at *5;

17  *Spearman v. I Play, Inc.*, 2018 WL 1382349, at *2 (E.D. Cal. Mar. 19, 2018) (Nunley, J.) (court

18  took "a 'preliminary peek' at the merits of the underlying motions to dismiss"). A party seeking a

19  discovery stay must demonstrate an "immediate and clear possibility" that the Court will grant its

20  motion to dismiss, *GTE Wireless, Inc.*, 192 F.R.D. at 287, or, alternatively, it must make a "clear

21  and convincing" showing that it will prevail on the merits of its motion, *Seven Springs Ltd. P'ship

22  v. Fox Cap. Mgmt. Corp.*, 2007 WL 1146607, at *2 (E.D. Cal. Apr. 18, 2007); *see also Mlejnecky*,

23  2011 WL 489743, at *7-8 (discussing standards courts have applied in evaluating the first prong).

24       As noted above, a "district court may . . . stay discovery when it is ***convinced*** that the

25  plaintiff will be unable to state a claim for relief." *Optronic Techs., Inc.*, 2018 WL 1569811, at *1

26  (emphasis added) (quoting *Wood*, 644 F.2d at 801). "Generally, there must be *no question* in the

27  court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort."

28  *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013). "Absent extraordinary

1    circumstances, litigation should not be delayed simply because a non-frivolous motion has been

2    filed." *Id.*

3        Tellingly, Defendants do not attempt to show under any standard that the Court will grant

4    their motions to dismiss. *See* Mot. at 6; *but see id.* at 3-5 (discussing motions to dismiss after

5    procedural background but separately from arguments seeking stay). They merely claim, in

6    conclusory fashion, that their motions offer "compelling grounds" for dismissal. *Id.* at 6.

7    Defendants have fallen far short of showing an "immediate and clear possibility," or of making a

8    "clear and convincing" showing, that the Court will grant their motions. *See Mlejnecky*, 2011 WL

9    489743, at *7-8. This failure dooms Defendants' arguments under the first prong.[4] *See id.* at *8.

10        **i.**       **Merely Filing a Motion to Dismiss Does Not Warrant a Stay**

11        Defendants suggest that the mere filing of their Rule 12(b)(6) motions *entitles* them to a

12    stay of discovery. Mot. at 1, 7 (citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729,

13    738 (9th Cir. 1987)). This is wrong. "[T]he Federal Rules of Civil Procedure does not provide for

14    automatic or blanket stays of discovery when a potentially dispositive motion is pending."

15    *Mlejnecky*, 2011 WL 489743, at *6; *accord EHang Inc. v. Wang*, 2021 WL 3934325, at *2 (N.D.

16    Cal. Aug. 20, 2021) (denying motion to stay discovery while motion to dismiss was pending).

17    "'Indeed, district courts look unfavorably upon such blanket stays of discovery,' because delaying

18    or prolonging discovery can create unnecessary litigation expenses and case management

19    problems." *Salazar*, 2015 WL 6537813, at *1 (citations omitted).

20        "Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6)

21    would stay discovery, the Rules would contain a provision for that effect." *Skellerup Indus. Ltd. v.*

22    *City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). "In fact, such a notion is directly at

23    odds with the need for expeditious resolution of litigation." *Id.* at 601; *see also Lemmon v. Pierce*

24    *Cty.*, 2021 WL 5217291, at *1 (W.D. Wash. July 7, 2021) ("The mere existence of a motion to

25    dismiss is insufficient on its own to warrant a stay of discovery . . . ."); *Ocean Garden Prod. Inc.*

26

27    [4] Defendants rely upon *Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*, 2021 WL 2457482
28    (E.D. Cal. June 16, 2021), but that case is inapposite because there, the parties *agreed* to stay
     discovery. *Body Xchange Sports Club, LLC*, 2021 WL 2457482, at *2.

1  *v. Blessings Inc.*, 2020 WL 4284383, at *4 (D. Ariz. July 27, 2020) ("[Defendant's] filing of

2  dismissal motions did not automatically relieve it of its obligation to respond to [plaintiff's]

3  discovery requests . . . .").

4       The order denying the defendants' motion to stay discovery in the antitrust case of *Optronic*

5  *Technologies, Inc. v. Ningbo Sunny Electronic Co.*, 2018 WL 1569811 (N.D. Cal. Feb. 16, 2018),

6  is on point. In *Optronic Technologies, Inc.*, the court granted the defendants' motion to dismiss

7  the plaintiff's complaint in its entirety, with leave to amend. *Optronic Techs., Inc.*, 2018 WL

8  1569811, at *1. The plaintiff filed an amended pleading, and the defendants again moved to

9  dismiss. *Id.* The defendants then moved to stay discovery. *Id.* The court denied the motion to stay

10  discovery. *Id.* at *1-2. The court observed:

> 11      Discovery stays are not automatic, however, and the two-factor test is not satisfied
> 12  by superficial statements or vague articulations demonstrating nothing more than
>     the traditional burdens of litigation. Rather, "[t]he moving party must show a
> 13  particular and specific need for the protective order, as opposed to making
>     stereotyped or conclusory statements." This requirement accounts for the fact that
> 14  blanket stays of all discovery matters are an exception to the rules rather than
>     enunciated in the rules.

15  *Id.* at *1. Applying the two-factor test, the court held the first factor was "only superficially

16  satisfied" because even though the motion to dismiss could lead to dismissal of the entire case, the

17  defendants had not cited anything rendering dismissal more likely than denial of the motion,

18  "outside of their own opinion of the Amended Complaint's deficiencies." *Id.* They had not, for

19  example, "explained why the Amended Complaint is 'utterly frivolous, or filed merely in order to

20  conduct a "fishing expedition" or for settlement value.'" *Id.* Here as in *Optronic Technologies,*

21  *Inc.*, Defendants have not shown that dismissal is more likely than denial of their motions to

22  dismiss, outside of their own conclusory belief that their motions to dismiss are "compelling."

23  Mot. at 6. As in *Optronic Technologies, Inc.*, that is insufficient to carry Defendants' burden.

24       If Defendants' suggestion that the mere filing of a Rule 12(b)(6) motion always resulted in

25  a stay of discovery were correct, federal litigation would be bottlenecked, and the courts would be

26  clogged with iterative motions and stayed litigation. That is not reality, and it is not the law.

27       **ii.**    **Defendants' Motions to Dismiss Lack Merit**

28      As discussed above, Defendants have done little more than argue in conclusory fashion

1   that their motions to dismiss should be granted. *See* Mot. at 6; *but see id.* at 3-5.

2          Any effort by Defendants to show that there is an "immediate and clear possibility," or that

3   the Court should be "convinced," that their motions to dismiss will be granted, would be futile.

4   Plaintiffs' FAC painstakingly spells out—throughout the course of 65 pages and 274 paragraphs—

5   the details of Defendants' conspiracy to defraud the United States honey market by knowingly and

6   intentionally flooding it with fake honey that is adulterated, impure, or mislabeled, and to falsely

7   and misleadingly represent the honey is genuine through use of the True Source certification

8   program and application of the True Source Certified Seal to the product.

9          Defendants claim Plaintiffs "do not actually identify any instance in which any . . . honey

10  was adulterated by any of the Defendants through the use of any of [the adulterating] practices"

11  set out in the FAC. Mot. at 3. This is wrong. Plaintiffs specifically allege multiple instances in

12  which Defendants' honey was tested and found to be adulterated. FAC ¶ 106 (testing of "32

13  samples of imported honey certified by True Source and provided by Barkman" found

14  "[a]pproximately 70-75% of the samples" adulterated); *id.* ¶¶ 107-09 (three other examples).

15  Defendants' argument that Plaintiffs' definition of "honey" "conflicts with FDA guidance" fails

16  as well because it is both irrelevant to Plaintiffs' claims (as Plaintiffs' claims concern True Source

17  certification) and incorrect (as Plaintiffs' claims align with FDA guidance regarding honey), for

18  the reasons given in more detail in Plaintiffs' opposition to Defendants' omnibus motion to

19  dismiss. ECF No. 74 ("Omnibus Opp'n") at 3-4. The FAC also plausibly alleges that True Source

20  certification is fraudulent. *Id.* at 4-5.

21         As set forth in careful detail in all six of Plaintiffs' oppositions to Defendants' motions to

22  dismiss, Defendants' various arguments under Rule 9(b) seek to hold the FAC to a higher standard

23  than the Rule requires and are meritless. ECF Nos. 74-79; *see also Benavidez v. County of San*

24  *Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (Rule 9(b) "does not require absolute particularity").

25  Plaintiffs have more than adequately identified the who, what, when, where, and how of the fraud.

26  *See*, *e.g.*, Omnibus Opp'n at 5-6. Defendants' complaint that Plaintiffs have lumped certain

27  defendants together also rings hollow because Rule 9(b) does not require Plaintiffs to differentiate

28  allegations regarding defendants who had the "exact same role in a fraud." *U.S. ex rel. Silingo*,

1   904 F.3d 667, 677 (9th Cir. 2018). Plaintiffs also sufficiently allege mail and wire fraud. *See*

2   Omnibus Opp'n at 6. Further, Plaintiffs have shown the FAC plausibly and with sufficient

3   particularity alleges conspiracy. *See, e.g.*, *id.* at 20-24.

4        Contrary to Defendants' arguments, Plaintiffs' antitrust claims are plausible and

5   sufficiently particular. Plaintiffs have shown that they have standing to bring antitrust claims, *id.*

6   at 19-20; that their claims give rise to *per se* violations of the antitrust laws, *id.* at 11-12; and that,

7   in any event, the FAC plausibly alleges Defendants violate the rule of reason, *id.* at 12-19. Plaintiffs

8   have plausibly alleged a conspiracy to restrain trade, *id.* at 20-24, as well as a relevant market,

9   market power, and harm to competition, *id.* at 13-19.

10        With respect to RICO, the FAC more than sufficiently alleges proximate causation, *id.* at

11   6-8; plausible associated-in-fact enterprises, *id.* at 8-9; that Defendants conducted the affairs of

12   those enterprises, *id.* at 9-10; a pattern of racketeering activity, *id.* at 10; and a conspiracy to violate

13   RICO, *id.* at 10-11.

14        The UCL and unjust enrichment claims should also survive dismissal. The FAC

15   sufficiently alleges UCL standing and both "unlawful" and "unfair" business practices, and their

16   UCL claims are not preempted. *Id.* at 24-25. And contrary to Defendants' arguments, unjust

17   enrichment is an independent cause of action, and Plaintiffs' unjust enrichment claims do not

18   depend on the same factual allegations as their other claims. *Id.* at 25.

19        Finally, Plaintiffs' opposition to Sunland's motion to dismiss demonstrates with clarity and

20   in detail that the settlement agreement and release in the *Honey Transshipping Litigation* does not

21   preclude any of Plaintiffs' or the class members' claims here under the doctrine of *res judicata*

22   because the *Honey Transshipping* case and Plaintiffs' case are not based on an "identical factual

23   predicate." ECF No. 76 at 4-18.

24        At minimum, there are complex issues for the Court to analyze that cannot be resolved at

25   first blush, and Defendants have fallen far short of showing, for purposes of this Motion, an

26   "immediate and clear possibility" that their motions to dismiss will be granted in full.

27        Furthermore, in the unlikely event that Defendants' motions to dismiss are granted in full,

28   any issues could be cured by an amended pleading. Leave to amend must generally be granted if

a shortcoming in the pleadings can be cured. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (Rule 15's policy that "leave shall be freely given when justice so requires" is "to be applied with extreme liberality"). Since Plaintiffs are free to use the information obtained in discovery in any amended complaint, no party's discovery efforts would be wasted.

In short, discovery should not be stayed because Defendants have not shown an "immediate and clear possibility" that their motions to dismiss could prevail; and even if Defendants' motions are granted, there would be no final disposition of the case, and the need for discovery would not be eliminated.

> **B.**  **If the Court Denies Defendants' Motion to Stay Discovery, Plaintiffs Would Serve Discovery Requests That Are Relevant to Defendants' Motions to Dismiss**

The Court should hold the second factor weighs in Plaintiffs' favor as well, because Plaintiffs seek to propound discovery requests that are relevant to Defendants' motions to dismiss. "*Mlejnecky* requires this Court to permit discovery that is relevant to an outstanding motion, ***even if the motion could be decided without it***, because preventing discovery on information relevant to the potentially dispositive motion would be an abuse of this Court's discretion." *Glob. Commodities Trading Grp., Inc. v. Beneficio De Arroz Choloma, S.A.*, 2016 WL 7474912, at *2 (E.D. Cal. Dec. 29, 2016) (Nunley, J.) (emphasis added); *see also Mlejnecky*, 2011 WL 489743, at *7 ("Indeed, the Ninth Circuit Court of Appeals has indicated that, under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery that is relevant to the basis for the potentially dispositive motion.").

Here, Plaintiffs have not yet served discovery on Defendants, and the Court has taken Defendants' Rule 12(b)(6) motions under submission. However, as discussed above, the parties will be filing a Joint Statement of Discovery Disagreement pursuant to Local Rule 251 in which Plaintiffs ask the Court to compel the parties to hold a Rule 26(f) conference. If the Court orders the Rule 26(f) conference to proceed and denies Defendants' Motion to Stay Discovery, Plaintiffs will serve discovery requests that are relevant to Defendants' motions to dismiss. For one example, Plaintiffs will serve requests for documents seeking the results of any authenticity testing Defendants have done on the honey they imported, packed, audited, certified, and sold. Even if

1    that were not the case, "there is greater benefit to allowing discovery to proceed at this time even

2    [if] such discovery is not required to resolve [Defendants'] Motion[s] to Dismiss as it would

3    promote the court's interest, as well as that of the public, in judicial efficiency and timely resolution

4    of litigation." *San Francisco Tech.*, 2011 WL 2193397, at *3.

5         **C.   Defendants Have Failed to Show They Would Suffer Any Specific**
          **Prejudice or Harm If Discovery Proceeds**
6

7         Defendants have not met, and cannot meet, their burden to show any "specific prejudice or

8    harm" that will result from discovery. *See Foltz*, 331 F.3d at 1130; *see also Mlejnecky*, 2011 WL

9    489743, at *4; *Skellerup Indus. Ltd.*, 163 F.R.D. at 600.

10        Defendants' generalized and conclusory statements about discovery burdens and

11   "prejudice" do not meet their burden of demonstrating good cause. *See* Mot. at 7-9. Their vague

12   and unsubstantiated allegations that complying with discovery is burdensome and expensive are

13   the exact type of allegations that courts have found insufficient to justify a stay. *See San Francisco

14   Tech.*, 2011 WL 2193397, at *4 ("[T]he court recognizes that the discovery sought by [plaintiff]

15   is neither oppressive nor burdensome on [defendant]. The three sets of discovery are not extensive,

16   and each appears tailored to the limited issues presented by this case. Other than generalizations,

17   [defendant] has not identified any particular harm or undue expense that would come by providing

18   the discovery responses at this time. In the absence of such a showing, the court can only assume

19   that no such harm or expense exists."); *see also Flores v. Merck & Co.*, 2021 WL 4781503, at *2

20   (D. Nev. Oct. 13, 2021) ("A showing that discovery may involve some inconvenience and expense

21   does not suffice to establish good cause to stay discovery."); *Kor Media Grp., LLC*, 294 F.R.D. at

22   583 (same).

23        Critically, Defendants ignore that in meeting and conferring regarding this Motion,

24   Plaintiffs specifically advised Defendants that they are amenable to discussing reasonable

25   limitations and phasing of discovery while the dismissal motions are pending. Decl. Persinger ¶ 8.

26   Defendants argue they "would suffer significant prejudice if Plaintiffs were permitted to pursue

27   discovery of facts dating back to over *11 years ago*," Mot. at 7, but, again, Defendants have refused

28   to discuss Plaintiffs' proposal to proceed only with limited discovery at this time. Limitations on

1  and phasing of discovery can serve to reduce expense and protect Defendants from any undue

2  costs. Even where a Rule 12(b)(6) motion is pending, the Federal Rules of Civil Procedure obligate

3  the parties to meet and confer in good faith, reach compromises where possible, and comply with

4  discovery obligations. And Rule 1 requires courts to interpret those Rules to "secure the just,

5  speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

6        Defendants argue Plaintiffs "will have ample time to complete discovery if and after

7  answers are filed," Mot. at 9, but this ignores that Plaintiffs may suffer significant prejudice if this

8  case does not move forward expeditiously. Justice may be denied due to the delay: memories may

9  fade, evidence may become stale or lost, or witnesses may die or move away. *Cf. Blue Cross &*

10  *Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007)

11  ("[L]engthy and indefinite stays place a plaintiff effectively out of court. Such an indefinite delay

12  amounts to a refusal to proceed to a disposition on the merits. Even if litigation may eventually

13  resume, such stays create a 'danger of denying justice by delay.' Delay 'inherently increases the

14  risk that witnesses' memories will fade and evidence will become stale.' Additionally, in some

15  cases plaintiffs may go out of business awaiting recovery or face irreparable harm during the time

16  that their suits are on ice." (citations omitted)); *Commodity Futures Trading Comm'n v. Fin. Tree*,

17  2021 WL 2681920, at *4 (E.D. Cal. June 30, 2021) (Nunley, J.) ("delay in proceedings is

18  prejudicial because witnesses may die or move away, memories fade, evidence may be lost or

19  become stale or enforcement resources may be diverted").

20        **i.**    **The Fact That This Is an Antitrust Case Does Not Justify a Stay**

21        Defendants' reliance on Plaintiffs' assertion of antitrust claims as a basis for a stay is also

22  misplaced. Defendants argue the costs of discovery in antitrust actions are "prohibitive," Mot. at

23  7; however, "the costs and burdens of antitrust discovery do not erect an automatic barrier to

24  discovery in every case in which an antitrust defendant challenges the sufficiency of a complaint,"

25  *Optronic Techs., Inc.*, 2018 WL 1569811, at *2. If Congress intended to stay discovery

26  automatically in antitrust actions, it would have included a provision to that effect. Indeed, it

27  included such a provision when it enacted the Private Securities Litigation Reform Act. *See* 15

28  U.S.C. § 78u-4(b)(3)(B). That Congress did not do so for antitrust claims, by contrast, is telling.

1    Defendants' arguments regarding the "rationales" of *Bell Atlantic Corp. v. Twombly*, 550

2    U.S. 544 (2007), do not change this. *See* Mot. at 7-8. As the court explained in *Mlejnecky*:

> Defendant also suggests that the United States Supreme Court's decision in *Bell*
> *Atlantic Corp. v. Twombly*, supports a stay because, there, the Court stated that
> "when the allegations in a complaint, however true, could not raise a claim of
> entitlement to relief, this basic deficiency should . . . be exposed at the point of
> minimum expenditure of time and money by the parties and the court." Two district
> judges in the Northern District of California have appropriately concluded that
> although the Court in *Twombly* focused in part on a plaintiff's ability to plead a
> plausible claim before costly antitrust discovery commenced, it did not enact an
> automatic, blanket stay of discovery not otherwise provided for in the Federal Rules
> of Civil Procedure. *See In re Flash Memory Antitrust Litig.*, 2008 WL 62278, at *3
> (N.D. Cal. Jan. 4, 2008) (unpublished); *In re Graphics Processing Units Antitrust*
> *Litig.*, 2007 WL 2127577, at *4 (N.D.Cal. July 24, 2007) (unpublished). The
> undersigned agrees that *Twombly* does not, as a general matter, support a stay of
> discovery whenever a potentially dispositive motion to dismiss has been filed.

11   *Mlejnecky*, 2011 WL 489743, at *7 n.12 (some citations omitted).

12    Defendants cite *Top Rank, Inc. v. Haymon*, 2015 WL 9952887 (C.D. Cal. Sept. 17, 2015),

13   for the proposition that "to allow antitrust discovery prior to sustaining a complaint would defeat

14   one of the rationales of *Twombly*," Mot. at 7, but, disingenuously, they fail to include the full quote.

15   What the court actually stated was: "To be sure, to allow antitrust discovery prior to sustaining a

16   complaint would defeat one of the rationales of *Twombly*, ***at least when the discovery would be***

17   ***burdensome***." *Top Rank, Inc.*, 2015 WL 9952887, at * (emphasis added). As the court in *Optronic*

18   *Technologies, Inc.* pointed out, the "reasoning from . . . *Top Rank, Inc.* cuts against Defendants'

19   stay request." *Optronic Techs., Inc.*, 2018 WL 1569811, at *2 (citation omitted). In *Top Rank, Inc.*,

20   "the district court explained that 'the costs and burdens of antitrust discovery do not erect an

21   automatic barrier to discovery in every case in which an antitrust defendant challenges the

22   sufficiency of a complaint.'" *Id.*

23    Rather, in antitrust cases, "when the prospect of continuing with discovery is not overtly

24   burdensome, 'a closer question is presented' when it comes to a stay, 'a question calling for the

25   exercise of discretion and the balancing of competing factors.'" *Optronic Techs., Inc.*, 2018 WL

26   1569811, at *2. Here, "[o]n this closer question, Defendants have not offered a particularized

27   showing describing why discovery in this case is any more burdensome than it is on parties to

28   other civil litigations." *Id.* "Discovery is not stayed just because it imposes *some* burden." *Id.* As

1    discussed above, Defendants ignore that in meeting and conferring, Plaintiffs specifically advised

2    that they are amenable to discussing reasonable limitations and phasing of discovery while the

3    motions to dismiss are pending. Decl. Persinger ¶ 8. Defendants cannot credibly claim it would be

4    overly burdensome to proceed with discovery at this time, because Defendants have refused to

5    even discuss discovery with Plaintiffs, including Plaintiffs' proposals for proceeding with

6    reasonably narrow and tailored discovery before the Court rules on the motions to dismiss.

7           Finally, the cases Defendants cite in support of staying discovery are inapposite: *e.g.*,

8    *Twombly*, 550 U.S. at 558 (2007) (addressing high cost of discovery in an enormous putative class

9    action involving at least 90 percent of all subscribers to local telephone or high-speed Internet

10   service in the continental United States against America's largest telecommunications firms);

11   *Rutman Wine Co.*, 829 F.2d at 732 (denying leave to amend and to take discovery simultaneously);

12   *Top Rank, Inc.*, 2015 WL 9952887, at *3 (plaintiffs' "discovery requests are already voluminous

13   and compliance will be costly and time-consuming"); *United States ex rel Modglin v. DJO Glob.*

14   *Inc.*, 2014 WL 12564275, at *3 (C.D. Cal. Feb. 20, 2014) (*qui tam* plaintiffs failed to argue "that

15   defendants are not likely to succeed on their motion to dismiss because plaintiffs have pled their

16   allegations with sufficient specificity under Rule 9(b)"); *Kennedy v. Full Tilt Poker*, 2010 WL

17   11597364, at *2 (C.D. Cal. May 6, 2010) (court had previously dismissed plaintiffs' RICO claim

18   for failure to meet Rule 9(b) and Rule 8).[5]

19          Defendants have not articulated a single specific reason why discovery here is any more

20   burdensome than discovery in a typical commercial case. Accordingly, no stay is justified.

21                                              **CONCLUSION**

22          For the reasons given above, the Court should deny Defendants' Motion and order

23   Defendants to comply with their discovery obligations.

24

25   [5] Defendants cite *Arline v. Gower*, No. 2:11-cv-03414-WBS-KJN (E.D. Cal. Jan. 30, 2013), ECF
     No. 34, for the proposition that "it is the practice of the Eastern District to refrain from issuing
26   discovery orders until defendants have answered the complaint." Mot. at 9. However, *Arline* ruled
     on a *pro se* plaintiff's request to open early discovery "so that plaintiff may seek facts to support
27   his claims." *Arline*, ECF No. 34 at 1. Here, by contrast, Plaintiffs ask the Court to hold that
     discovery should proceed in the ordinary course because Defendants have not shown good cause
28   to stay it.

1   Date: February 10, 2022                    Respectfully submitted,

2                                              **REESE LLP**

3                                        By:  /s/ George V. Granade
                                             George V. Granade, State Bar No. 316050
4                                            *ggranade@reesellp.com*
                                             8484 Wilshire Boulevard, Suite 515
5                                            Los Angeles, California 90211
                                             Telephone: (310) 393-0070
6
                                             **REESE LLP**
7                                            Michael R. Reese, State Bar No. 206773
                                             *mreese@reesellp.com*
8                                            100 West 93rd Street, 16th Floor
                                             New York, New York 10025
9                                            Telephone: (212) 643-0500

10                                           **MILSTEIN JACKSON
                                             FAIRCHILD & WADE, LLP**
11                                           Gillian L. Wade, State Bar No. 229124
                                             *gwade@mjfwlaw.com*
12                                           Sara D. Avila, State Bar No. 263213
                                             *savila@mjfwlaw.com*
13                                           Marc A. Castaneda, State Bar No. 299001
                                             *mcastaneda@mjfwlaw.com*
14                                           10990 Wilshire Boulevard, 8th Floor
                                             Los Angeles, California 90024
15                                           Telephone: (310) 396-9600

16                                           **FITZGERALD JOSEPH LLP**
                                             Jack Fitzgerald, State Bar No. 257370
17                                           *jack@fitzgeraldjoseph.com*
                                             Paul K. Joseph, State Bar No. 287057
18                                           *paul@fitzgeraldjoseph.com*
                                             Melanie Persinger, State Bar No. 275423
19                                           *melanie@fitzgeraldjoseph.com*
                                             Trevor M. Flynn, State Bar No. 253362
20                                           *trevor@fitzgeraldjoseph.com*
                                             2341 Jefferson Street, Suite 200
21                                           San Diego, California 92110
                                             Telephone: (619) 215-1741
22
                                             ***Counsel for Plaintiffs***
23

24

25

26

27

28