UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY'S BULLFROG BEES, a California apiary; GOLDEN PRAIRIE HONEY FARMS CORPORATION, d/b/a VALOR HONEY, a Kansas not for profit corporation; and KELVIN ADEE, an individual, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SUNLAND TRADING, INC.; LAMEX FOODS, INC.; ODEM INTERNATIONAL, INC.; BARKMAN HONEY, LLC; DUTCH GOLD HONEY, INC.; TRUE SOURCE HONEY, LLC; AMERICAN ANALYTICAL CHEMISTRY LABORATORIES CORP.; and NSF INTERNATIONAL,<br><br>Defendants. | No. 2:21-cv-00582-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendants Sunland Trading, Inc. ("Sunland"), Lamex Foods, Inc. ("Lamex"), Odem International, Inc. ("Odem"), Barkman Honey, LLC ("Barkman"), Dutch Gold Honey, Inc. ("Dutch"), and True Source Honey, LLC's ("TSH") (collectively,

1

"Defendants") Motions to Dismiss and Defendants' Motion to Stay Discovery. (ECF Nos. 68, 71, 70, 67, 64, 72, 88.) Plaintiffs Henry's Bullfrog Bees ("Bullfrog"), Golden Prairie Honey Farms Corporation, d/b/a Valor Honey ("Valor"), and Kelvin Adee ("Adee") (collectively, "Plaintiffs") oppose Defendants' motions. (ECF Nos. 74–80.) For the reasons set forth below, the Court GRANTS Defendants' motions to dismiss (ECF Nos. 64, 67, 68, 70, 71, 72) pursuant to Federal Rule of Civil Procedure ("Rule" or "Rules") 9(b), with leave to amend, and DENIES Defendants' motion to stay discovery (ECF No. 88) as moot.

### I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs bring this putative class action alleging Defendants engaged in a "worldwide conspiracy to defraud the United States honey market" by "flooding" the market with "fake" honey. (ECF No. 43 at 5) Plaintiffs are "commercial beekeeping farms in the business of selling genuine honey." (*Id.*) Defendants are "some of the largest honey importers and packers in the United States" and a "honey industry watchdog." (*Id.*)

Plaintiffs allege Defendants' "wrongful conduct has suppressed prices in the domestic honey market, making it difficult or impossible for domestic commercial beekeeping farms like Plaintiffs to compete." (*Id.*) In short, this wrongful conduct consists of a "scheme" by which Defendants import, pack, certify, and sell "fake" honey as "genuine" honey. (*See* ECF No 43 at 30, 32–33, 40.) Plaintiffs claim to have been "blocked from selling their honey in the marketplace, suffering lost sales and profits as a result." (*Id.* at 5.)

Plaintiffs filed their FAC on June 28, 2021, seeking injunctive relief, declaratory relief, compensatory damages, and restitution through six causes of action: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. §§ 1962(c) and 1964(c)); (2) conspiracy to violate RICO (18 U.S.C. § 1962(d)); (3) violation of the Sherman Antitrust Act (15 U.S.C. § 1); (4) violation of California's Cartwright Act (Cal. Bus. & Prof. Code § 16720); (5) violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200); and (6) unjust enrichment. (ECF No. 43 at 46–67.) Sunland, Lamex, Odem,

---

[1]     The following of recitation of facts is taken, sometimes verbatim, from Plaintiffs' First Amended Complaint ("FAC"). (ECF No. 43.)

Dutch, and TSH filed separate motions to dismiss, pursuant to Rules 9(b) and 12(b)(6). (ECF Nos. 68, 71, 70, 64, 72.) Defendants also filed a joint omnibus motion to dismiss, pursuant to Rules 9(b) and 12(b)(6). (ECF No. 67). Plaintiffs filed an opposition to Defendants' motions on September 30, 2021. (ECF Nos. 74–79.) Between November 8, 2021, and November 10, 2021, Defendants submitted separate replies. (ECF Nos. 82–87.) Finally, on January 25, 2022, Defendants submitted a motion to stay discovery pursuant to Rule 26(c)(1). (ECF No. 88.)

## II. STANDARD OF LAW

Fraud claims are subject to the heightened pleading standard as required by Rule 9(b). Fed. R. Civ. P. 9(b); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). There are several purposes for Rule 9(b): (1) to provide defendants notice to defend against allegations; (2) to deter plaintiffs from filing complaints as a tool for discovery; (3) to protect defendants from reputation harm that may result from fraud charges; and (4) to prohibit plaintiffs from exhausting resources absent some factual basis. *Kearns*, 567 F.3d at 1125.

"When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). The Ninth Circuit has made clear that dismissal under Rule 9(b) should be with leave to amend unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

## III. ANALYSIS

As a threshold matter, the Court will address whether Plaintiffs' claims satisfy the Rule 9(b) pleading standard. First the Court will examine whether Plaintiffs' claims are based in fraud and thus subject to Rule 9(b), then the Court will determine if Plaintiffs have adequately pled such fraudulent claims.

///

### *i.     Whether Plaintiffs' FAC is Grounded in Fraud*

Defendants contend "allegations of fraud permeate all" of Plaintiffs' claims, and thus Plaintiffs' FAC must satisfy the heightened pleading requirement of Rule 9(b). (ECF No. 67 at 21.) Plaintiffs are silent on whether their FAC is grounded in fraud but argue that their FAC satisfies the heightened requirement of Rule 9(b). (ECF No. 74 at 15.)

"In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess*, 317 F. 3d at 1103–04 (citing *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1404–05 (9th Cir.1996)).

Here, Plaintiffs' FAC is grounded in fraud. (ECF No. 43 at 5.) (alleging "a worldwide conspiracy to defraud the United States honey market"). Indeed, Plaintiffs' FAC plainly bases its claims on Defendants' alleged fraudulent adulteration of honey — the longest section of Plaintiffs' FAC, spanning 22 pages, is titled: "DEFENDANTS' SCHEME TO DEFRAUD THE UNITED STATES' HONEY MARKET[.]" (*See* ECF No. 43 at 19–41); (*see also* ECF No. 43 at 17) ("[e]ach of the Defendants is aware of and has participated in the fraud"); *Vess*, 317 F.3d at 1106 (holding a plaintiff's complaint was grounded in fraud when it was "comprised of allegations of a unified fraudulent course of conduct"); *In re Stac Elecs. Sec. Litig.*, 89 F.3d at 1405 n.2 (finding the complaint was grounded in fraud when the "gravamen of the complaint is plainly fraud and no effort is made to show any other basis for the claims . . . "). Plaintiffs allege Defendants engaged in a unified course of fraudulent conduct and rely on that course of conduct as the basis of their claims. (*See generally* ECF No. 43.); *Vess*, 317 F.3d at 1108 (finding a unified course of fraudulent conduct existed when the entire complaint was based on allegations of fraudulent conspiracy, even absent the use of the word "fraud"). Therefore, Plaintiffs' FAC "sounds in fraud" and the pleading of each claim must satisfy the particularity requirement of Rule 9(b).

1                             *ii.      Whether Plaintiffs Have Met the Heightened Particularity Standard*

2             Defendants contend Plaintiffs' FAC fails to allege fraud with Rule 9(b)'s requisite degree

3    of particularity, arguing Plaintiffs have not specified "the who, what, when, where, and how."

4    (ECF No. 67 at 22.)

5             The Ninth Circuit has long held that allegations of fraud "must be accompanied by 'the

6    who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting

7    *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

8             In the instant case, Plaintiffs' FAC provides conclusory statements such as: (1) "True

9    Source is fully aware its Certification and Participation program has been and continues to be

10   used by member honey packers and importers, including the Importer Defendants and Packer

11   Defendants, to misrepresent the authenticity of their fake honey, and has allowed its members to

12   use the True Source Certified Seal to mislead businesses and consumers into believing the honey

13   they purchase is authentic, when it is not" (ECF No. 43 at 30); (2) "The Importer Defendants

14   knowingly, intentionally, and repeatedly conspired with True Source and the Packer Defendants

15   to introduce fake honey into the United States' honey market" (*Id.* at 33); and (3) "The Packer

16   Defendants knowingly, intentionally, and repeatedly conspired with the Certifier Defendants and

17   the Importer Defendants to introduce fake honey into the United States' honey market" (*Id.* at

18   41).

19           Indeed, Plaintiffs' FAC is riddled with these broad generalizations. (*See generally* ECF

20   No. 43.) Such bare bone conclusory allegations fail to allege with any particularity the "who,

21   what, when, where, and how" Defendants' engaged in misconduct. *See Vess*, 317 F. 3d at 1106–

22   07 (finding the plaintiff's allegations of conspiracy without providing the particulars, but rather

23   offering scant specifics, were insufficient to meet the heightened pleading standard); *but see*

24   *Peacock v. Pabst Brewing Co., LLC*, 491 F.Supp. 3d 713, 722 (E.D. Cal. 2020) (holding Rule

25   9(b) was satisfied where"[p]laintiff allege[d] [d]efendant (the "who") misled [p]laintiff into

26   believing that Olympia Beer is 'exclusively brewed using water from the Olympia area of

27   Washington State' (the 'what'). Plaintiff further allege[d] he purchased Olympia Beer on April

28   21, 2017, (the 'when') from a Grocery Outlet located at 2801 Zinfandel Drive in Rancho

Cordova, California (the 'where'). Finally, Plaintiff allege[d] [d]efendant deceptively markets its product as 'The Original Olympia Beer' with the slogan 'It's the Water' and an image of the waterfalls associated with the original brewery in Washington State, which is likely to mislead a reasonable consumer into thinking the beer is brewed with water sourced from the Olympia area of Washington State (the 'how')") (internal citations omitted).

Plaintiffs base their FAC and claims on allegations that Defendants imported "fake" honey from overseas and that "[h]oney imported from overseas is often adulterated[.]" (ECF No. 43 at 17.) This does not allege that any Defendant (the "who") actually imported "fake" honey (the "what"), but merely concludes that by importing honey from overseas, at least some of Defendants' honey is "fake." *See Mountjoy v. Bank of Am. Home Loans*, No. 2:15-CV-02204-TLN-AC, 2016 WL 4192416, at *5 (E.D. Cal. Aug. 9, 2016) (holding "vague statements about [d]efendants creating 'a scheme to deny modifications' and failing 'to provide accurate information' do not point to specific actions taken by any particular defendant"). Further, though Plaintiffs point to several *possible* methods of adulterating honey (ECF No. 43 at 16) (the "how"), they fail to allege with any particularity how Defendants' honey has been adulterated. *See Id.*; *but see Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020) (holding a complaint satisfied Rule 9(b) in alleging "'what is false or misleading about a statement, and why it is false.'").

Accordingly, Plaintiffs' FAC does not allege any degree of particularity that would allow the Defendants to prepare a defense. *Kearns*, 567 F.3d at 1124 ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong") (internal quotations and citations omitted). Therefore, the allegations contained in Plaintiffs' FAC are insufficient under the Rule 9(b) heightened pleading standard.

Accordingly, the Court declines to address the other legal arguments raised by Defendants at this time, as Plaintiffs have failed to plead with the requisite particularity.

///

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss pursuant to Rule 9(b) (ECF Nos. 64, 67, 68, 70, 71, 72) are hereby GRANTED.  Defendants' Motion to Stay Discovery pursuant to Rule 26(c)(1) (ECF No. 88) is hereby DENIED as moot.[2]  Plaintiffs are hereby granted thirty (30) days from the electronic filing date of this Order to file an amended complaint in conformity with this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days after the electronic filing date of Plaintiffs' amended complaint, should one be filed.

IT IS SO ORDERED.

DATED: February 23, 2022

_____
Troy L. Nunley
United States District Judge

---

[2]  Defendants moved to stay discovery unless and until the Court denies Defendants' motions to dismiss on the bases that Defendants' motions are: (1) potentially dispositive of the entire case; and (2) can be decided absent additionally discovery.  (ECF No. 88 at 10–11.)  As the Court has granted Defendants' motions to dismiss, Defendants' reasoning for the motion to stay discovery is moot.

7