VORYS, SATER, SEYMOUR AND PEASE, LLP
Thomas N. McCormick (SBN 325537)
tnmccormick@vorys.com
4675 MacArthur Court, Suite 700
Newport Beach, CA 92660
Telephone: (949) 526-7903
Facsimile:  (949) 383-2384

Nathaniel Lampley, Jr. (Admitted *pro hac vice*)
nlampley@vorys.com
Jeffrey A. Miller (Admitted *pro hac vice*)
jamiller@vorys.com
301 E. Fourth Street, Suite 3500, Great American Tower
Cincinnati, OH 45202
Telephone: (513) 723-4616
Facsimile:  (513) 852-7869

[Additional Attorneys Listed on Signature Page]

Attorneys for Defendant,
Dutch Gold Honey, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY'S BULLFROG BEES, a California apiary; GOLDEN PRAIRIE HONEY FARMS CORPORATION, d/b/a VALOR HONEY, a Kansas not for profit corporation; and KELVIN ADEE, an individual, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SUNLAND TRADING, INC.; LAMEX FOODS, INC.; ODEM INTERNATIONAL INC.; BARKMAN HONEY, LLC; DUTCH GOLD HONEY, INC.; TRUE SOURCE HONEY, LLC; AMERICAN ANALYTICAL CHEMISTRY LABORATORIES CORP.; and NSF INTERNATIONAL,<br><br>Defendants. | Case No. 2:21-CV-00582-TLN-CKD<br><br>**DEFENDANT DUTCH GOLD HONEY, INC.'S**<br><br>**(1) NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; AND**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Fed. R. Civ. P. 9(b), 12(b)(6)<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date: June 2, 2022<br>Time: 2:00 p.m.<br>Courtroom: 2, 15th floor<br>Judge: Hon. Troy L. Nunley |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on June 2, 2022, at 2:00 p.m., or as soon thereafter as the motion may be heard, in Courtroom 2 of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, CA 95814, 15th floor, before the Honorable Troy L. Nunley, defendant Dutch Gold Honey, Inc. ("Dutch Gold"), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, will and hereby does move for an order dismissing with prejudice Plaintiffs' Second Amended Class Action Complaint (ECF No. 43) ("SAC").  The grounds for Dutch Gold's motion are:

- The Court previously dismissed the claims Plaintiffs brought against Dutch Gold in their First Amended Complaint ("FAC") for failure to plead them with particularity.  Plaintiffs do not add a single substantive allegation regarding Dutch Gold in the SAC.  Thus, they have essentially conceded that Dutch Gold should be dismissed from the case.
- The allegations against Dutch Gold that Plaintiffs carry over from the FAC fail under Rules 9(b) and 12(b)(6) because none of Plaintiffs' allegations about Dutch Gold are sufficient to support their claims.

This motion is based on this notice of motion and motion, the memorandum of points and authorities, the pleadings on file in this action, and all other matters presented to the Court at the time of the hearing.

Date: April 18, 2022    VORYS, SATER, SEYMOUR AND PEASE, LLP

By: */s/ Nathaniel Lampley, Jr.*
Nathaniel Lampley, Jr. (admitted *pro hac vice*)
nlampley@vorys.com
Jeffrey A. Miller (admitted *pro hac vice*)
jamiller@vorys.com
301 E. Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
Telephone: (513) 723- 4616
Facsimile: (513) 852-7869

Thomas N. McCormick (SBN 325537)
tnmccormick@vorys.com
4675 MacArthur Court, Suite 700
Newport Beach, CA 92660
Telephone: (949) 526-7903
Facsimile: (949) 383-2384

Kenneth J. Rubin (admitted *pro hac vice*)
kjrubin@vorys.com
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-5692
Facsimile: (614) 719- 4796

Attorneys for Defendant
Dutch Gold Honey, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Sunland Trading, Inc., Lamex Foods, Inc., Export Packers Company Limited, d/b/a Odem International, Barkman Honey, LLC, Dutch Gold Honey, Inc., True Source Honey, LLC, and NSF International's Motion to Dismiss Second Amended Complaint (the "Joint Motion to Dismiss"), which Dutch Gold has joined, explains why the Plaintiffs' claims fail as to all of these defendants. But even if Plaintiffs had stated actionable claims against other defendants, they have not stated them against Dutch Gold.

First, this Court previously dismissed all of the Plaintiffs' claims in their FAC, including those against Dutch Gold. (Doc. 95). It gave Plaintiffs 30 days to file an amended complaint that complied with Rule 9(b). Although Plaintiffs did file their SAC 30 days later, **none of the new substantive allegations mention Dutch Gold at all**, much less purport to provide particular detail about the company's actions or liability in accordance with Rule 9(b). By failing to include any new facts about Dutch Gold, Plaintiffs have conceded that they cannot state claims against it, and Dutch Gold should be dismissed from this case with prejudice. *See, e.g., Williams v. United States Bank Nat'l Ass'n,* No. CV 10-07221 GAF (AJWx), 2011 U.S. Dist. LEXIS 164534, at *8 (C.D. Cal. July 20, 2011) ("Here, because the UCL allegations in the SAC are *exactly the same* as those in the First Amended Complaint ("FAC"), (compare SAC ¶¶ 44-46, with FAC ¶¶ 44-46), the Court finds that Plaintiffs have failed to cure the defects identified in the prior order. Thus, the UCL claim is **DISMISSED without leave to amend**.") (emphasis in original); *Collins v. BSI Fin. Servs.,* No. 2:16-CV-262-WHA, 2017 U.S. Dist. LEXIS 38573, at *6 (M.D. Ala. Mar. 17, 2017) (dismissal required where "Plaintiffs' Fraud claim in their Second Amended Complaint is exactly the same as Plaintiffs' Fraud claim in their First Amended Complaint" that was dismissed under Rule 9(b), and plaintiffs "ha[d] not supplemented it with any additional factual content").

Second, even if the Court were to consider the carry-over allegations about Dutch Gold from the FAC, they would not state a claim. Indeed, very few allegations specifically mention Dutch Gold at all. Most are just background information. Plaintiffs allege that Dutch Gold is a honey packing company in Pennsylvania that sells honey throughout the United States, that it is

part of the country's honey market, and that it is a True Source Honey, LLC ("True Source")-certified packer.  (SAC ¶¶ 11, 31, 79, 129).  They state that Dutch Gold and other companies launched True Source in 2010 to protect the reputation and quality of U.S. honey.  (*Id*. ¶¶ 59-61).  They allege that a Dutch Gold employee, Jill Clark, sits on the board of True Source, serves as its treasurer, and once said that True Source hopes to raise "awareness of unfair trade practices" and help people find out "more about how the honey they enjoy is being sourced."  (*Id*. ¶¶ 12, 63).  They allege that Dutch Gold is certified by True Source.  (*Id*. ¶ 138).

Only three paragraphs in the SAC purport to tie Dutch Gold to any alleged wrongdoing.  Dutch Gold notes that these allegations either are false or are gross and intentional mischaracterizations by Plaintiffs, but for purposes of this memorandum, it must treat them as true.  Regardless, none of these allegations states an actionable claim against Dutch Gold.

**Paragraph 93**

Plaintiffs allege that Ms. Clark "participated in . . . discussions" with other True Source board members where unidentified members "pretended to be skeptical of NMR technology," which Plaintiffs claim is reliable.  (*Id.* ¶ 93).  But they do not identify any statement by Ms. Clark regarding NMR technology, or how skepticism of the technology would give rise to any of their claims.

If someone had expressed skepticism, they would have been echoing the concerns of the U.S. Customs and Border Patrol Agency ("CBP").  In a report to the Senate in 2016, CBP explained that country of origin databases were not robust enough to warrant NMR for honey testing:

> The honey industry has recently suggested that Nuclear Magnetic Resonance (NMR) technology could be used to assist in the determination of both country of origin and potential adulteration of honey. CBP has NMR instruments that could be used to investigate and validate industry's claims that it can be used for determining adulteration. However, country of origin determinations using NMR also require a honey reference database, and CBP's current honey reference database is not suitable for NMR testing. A completely new collection of honey reference samples would need to be obtained in order to add the honey industry's suggested approach to CBP's testing protocols.

Oversight of the U.S. Customers and Border Protection Agency, Senate Hearing Before the

- 2 -

DUTCH GOLD'S MOTION TO DISMISS

Comm. on Finance, S. Hrg. 114-625 at 56-57 (May 11, 2016).  Given that the primary purpose of True Source certification was to identify the country of origin of honey (SAC ¶¶ 61-62), the fact that NMR testing could not do this would be grounds for genuine skepticism regarding use of the technology.   But, in any event, this allegation does not state anything about Dutch Gold.

### Paragraph 103

Plaintiffs allege that Ms. Clark attended a True Source meeting in San Diego in 2018 where Indian exporters of honey supposedly stated that if unripened honey is considered "adulterated," all of India's honey exports "are adulterated."  (*Id.* ¶ 103).  If an Indian honey exporter rejected the Plaintiffs' notion that honey is only honey if it achieves a certain unspecified level of ripeness, then he was simply restating what the U.S. Food and Drug Administration honey guidance provides—that honey is honey and must be labeled as such unless other ingredients have been added.[1]  The common definition of "adulterate" is "to corrupt, debase, or make impure by the **addition** of a foreign or inferior substance or element."[2]  There is no government guidance or law to suggest that honey is adulterated if it has been harvested prior to any specified time.  The fact that an unidentified person working for an Indian company supposedly disagreed with Plaintiffs' attempt to define the word "adulterate" to include the premature harvesting of honey would not give rise to an actionable claim against the Indian company, much less Dutch Gold.

Plaintiffs allege that at the same meeting, True Source told NSF International ("NSF") not to include observations about extraneous syrups and resin technology in Indian honey factories in inspection reports.  (*Id.* ¶ 103).  They do not identify the True Source agent or employee who supposedly gave this instruction.  They do not explain what was observed about these syrups and technology, whether the syrups were actually used or the equipment in question was even operable, or even whether they were used or employed for any honey imported or sold by any of

---

[1] *See* Defendants' joint omnibus motion to dismiss FAC (Doc. 67) at pp. 6-7.
[2] "Adulterate." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/adulterate. Accessed 6 Aug. 2021 (emphasis added).  This is similar to (but broader than) the meaning of adulteration under California law.  Cal. Health & Safety Code § 110555  ("Any food is adulterated if it is, bears, or contains any food **additive** that is unsafe within the meaning of Section 110445.") (emphasis added).

the defendants. Moreover, Plaintiffs do not allege that NSF followed these instructions or issued any such reports, much less to whom they were issued. They do not so much as identify any of these Indian honey factories, much less allege that Dutch Gold purchased any honey from them. This allegation is not pled with particularity, but even if it had been, there is nothing about this allegation that implicates Dutch Gold.

**Paragraph 11**

Plaintiffs allege that in 2020, an unidentified laboratory found honey Dutch Gold purchased from Vietnam and India "to contain extraneous non-honey syrups, meaning it was adulterated, fake honey." (*Id.* ¶ 11). Plaintiffs do not identify the laboratory that did this inspection, how this testing was conducted, or who procured the testing. Just as importantly, they do not allege that Dutch Gold ever sold any of this honey to consumers. This allegation is just as consistent with Dutch Gold rejecting this honey for adulteration rather than reselling it to consumers. The mere purchase of adulterated honey by Dutch Gold is insufficient to support Plaintiffs' claims.

**Conclusion**

This Court held that Plaintiffs had failed to state claims against Dutch Gold with particularity, and Plaintiffs have not tried to remedy this failing in any way. Because their SAC adds no substantive allegations about Dutch Gold, their claims against Dutch Gold should be dismissed. But even if the Court considers the allegations about Dutch Gold carried over from the FAC, it is clear that these allegations do not state actionable claims.

Because Plaintiffs have had **three chances** to state claims against Dutch Gold, the claims should be dismissed **with prejudice**. *See, e.g., Mir v. Ten Unknown FBI Agents,* No. CV 16-3664-JFW (PJW), 2020 U.S. Dist. LEXIS 107995, at *15 (C.D. Cal. May 4, 2020) ("Defendants' motions to dismiss the SAC with prejudice are granted. Further, the dismissal will be with prejudice as Plaintiff has been given three chances to state a plausible, cognizable claim against these Defendants and has failed to do so. The Court is convinced that Plaintiff is not capable of alleging a valid claim against them and no amount of tinkering will change that."); *Foster v. VA,* No. C 12-04304 LB, 2013 U.S. Dist. LEXIS 91548, at *18 (N.D. Cal. June 27,

| | |
|---|---|
| 1 | 2013) ("Ms. Foster has had three chances to state a claim supported by sufficient factual |
| 2 | allegations. She has not done so and has failed to cure deficiencies that the court has identified |
| 3 | when dismissing her previous complaints. Accordingly, the court dismisses Ms. Foster's claims |
| 4 | with prejudice."). |

Date: April 18, 2022            VORYS, SATER, SEYMOUR AND PEASE, LLP

By: */s/ Nathaniel Lampley, Jr.*
Nathaniel Lampley, Jr. (admitted *pro hac vice*)
nlampley@vorys.com
Jeffrey A. Miller (admitted *pro hac vice*)
jamiller@vorys.com
301 E. Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
Telephone: (513) 723- 4616
Facsimile:  (513) 852-7869

Thomas N. McCormick (SBN 325537)
tnmccormick@vorys.com
4675 MacArthur Court, Suite 700
Newport Beach, CA 92660
Telephone: (949) 526-7903
Facsimile:  (949) 383-2384

Kenneth J. Rubin (admitted *pro hac vice*)
kjrubin@vorys.com
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-5692
Facsimile:  (614) 719- 4796

Attorneys for Defendant
Dutch Gold Honey, Inc.