**MILSTEIN JACKSON**
**FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
*gwade@mjfwlaw.com*
10990 Wilshire Boulevard, 8th Floor
Los Angeles, California 90024
Telephone: (310) 396-9600

**REESE LLP**
Michael R. Reese, State Bar No. 206773
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**FITZGERALD JOSEPH LLP**
Jack Fitzgerald, State Bar No. 257370
*jack@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Telephone: (619) 215-1741

[Additional counsel listed on signature page]
*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| HENRY'S BULLFROG BEES, a California apiary; GOLDEN PRAIRIE HONEY FARMS CORPORATION, d/b/a VALOR HONEY, a Kansas not for profit corporation; and KELVIN ADEE, an individual, on behalf of themselves, all others similarly situated, and the general public,<br><br>               Plaintiffs,<br><br>   v.<br><br>SUNLAND TRADING, INC.; LAMEX FOODS, INC.; ODEM INTERNATIONAL INC.; BARKMAN HONEY, LLC; DUTCH GOLD HONEY, INC.; TRUE SOURCE HONEY, LLC; AMERICAN ANALYTICAL CHEMISTRY LABORATORIES CORP.; and NSF INTERNATIONAL,<br><br>               Defendants. | Case No. 2:21-cv-00582-DJC-CKD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Date: December 14, 2023<br>Time: 1:30 pm<br>Place: Courtroom 10, 13th Floor<br>Judge: Honorable Daniel J. Calabretta |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ........................................................................... 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

    I.    Relevant Factual Background ...................................................... 2

    II.   Relevant Procedural History .................................................... 3

ARGUMENT ................................................................................ 4

    I.    The Court Should Deny Defendants' Request to Stay Discovery Because They Have Not Met Their "Heavy Burden" to Show Good Cause for a Blanket Stay of Discovery ........................................................ 5

        A.    Defendants Have Not Attempted to Demonstrate an "Immediate and Clear Possibility" That the Court Will Grant Their Motions to Dismiss .......................................................................... 6

            i.    Merely Filing a Motion to Dismiss Does Not Warrant a Stay ........................................................................ 8

            ii.   Defendants' Motions to Dismiss Lack Merit ........................... 9

        B.    If the Court Denies Defendants' Motion to Stay Discovery, Plaintiffs Would Serve Discovery Requests That Are Relevant to Defendants' Unlawful Conduct .......................................................... 11

        C.    Defendants Have Failed to Show They Would Suffer Any Specific Prejudice or Harm If Discovery Proceeds ...................................... 12

            i.    That This is an Antitrust Case Does Not Justify a Stay ....... 14

            ii.   Extending the Stay Further Would Prejudice Plaintiffs ........ 15

CONCLUSION ............................................................................. 16

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY
*Henry's Bullfrog Bees v. Sunland Trading, Inc.*, No. 2:21-cv-00582- DJC-CKD

i

1

## **TABLES OF AUTHORITIES**

2

## **CASES**

3

*Allen v. Protective Life Ins. Co.* (E.D. Cal. Aug. 27, 2020)
    2020 WL 5074021 ................................................................. 13

4

5

*Arellano v. Calderon* (S.D. Cal. July 14, 2023)
    2023 WL 4568772 ................................................................. 13

6

*Beckman Indus., Inc. v. Int'l Ins. Co.,* , 476 (9th Cir. 1992)
    966 F.2d 470................................................................. 5, 14

7

8

*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.* (9th Cir. 2007)
    490 F.3d 718................................................................. 15

9

10

*Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.* (E.D. Cal. June 16, 2021)
    2021 U.S. Dist. LEXIS 113107................................................................. 7

11

12

*California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.* (E.D. Cal. 2014)
    299 F.R.D. 638 ................................................................. 15

13

14

*Cipollone v. Liggett Group, Inc.* (3d Cir.1986)
    785 F.2d 1108................................................................. 14

15

*Commodity Futures Trading Comm'n v. Fin. Tree* (E.D. Cal. June 30, 2021)
    2021 WL 2681920 ................................................................. 16

16

17

*Deford v. Schmid Prods. Co.* (D. Md. 1987)
    120 F.R.D. 648 ................................................................. 14

18

19

*Driscoll's, Inc. v. Cal. Berry Cultivars, LLC* (E.D. Cal. Oct. 22, 2021)
    2021 U.S. Dist. LEXIS 204557................................................................. 5, 6

20

*EHang Inc. v. Wang* (N.D. Cal. Aug. 20, 2021)
    2021 U.S. Dist. LEXIS 158041................................................................. 8

21

22

*Eminence Cap., LLC v. Aspeon, Inc.* (9th Cir. 2003)
    316 F.3d 1048................................................................. 11

23

24

*Flores v. Merck & Co.* (D. Nev. Oct. 13, 2021)
    2021 WL 4781503 ................................................................. 13

25

26

*Foltz v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 2003)
    331 F.3d 1122................................................................. 5, 13

27

28

*Glob. Commodities Trading Grp., Inc. v. Beneficio De Arroz Choloma, S.A.*
(E.D. Cal. Dec. 29, 2016)
       2016 WL 7474912 ......................................................................... 12

*Gray v. First Winthrop Corp.* (N.D. Cal. 1990)
       133 F.R.D. 39 ................................................................................. 5

*Kor Media Grp., LLC v. Green* (D. Nev. 2013)
       294 F.R.D. 579 ............................................................................... 7

*Lemmon v. Pierce Cty.*, at *2 (W.D. Wash. July 7, 2021)
       2021 U.S. Dist. LEXIS 218538........................................................ 8

*Little v. City of Seattle* (9th Cir. 1988)
       863 F.2d 681 ................................................................................... 5

*Lowery v. F.A.A.* (E.D. Cal. Apr. 11, 1994)
       1994 U.S. Dist. LEXIS 21984.......................................................... 6

*Mlejnecky v. Olympus Imaging Am., Inc.* (E.D. Cal. Feb. 7, 2011)
       2011 U.S. Dist. LEXIS 16128..................................... 1, 6, 7, 8, 12

*Ocean Garden Prod. Inc. v. Blessings Inc.* (D. Ariz. July 27, 2020)
       2020 U.S. Dist. LEXIS 132343........................................................ 8

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.* (N.D. Cal. Feb. 16, 2018)
       2018 U.S. Dist. LEXIS 26244..................................... 2, 7, 8, 9, 14

*Oertell v. Six Flags Ent. Corp.* (E.D. Cal. Jan. 19, 2018)
       2018 U.S. Dist. LEXIS 9067............................................................ 6

*Peyton v. Kibler* (E.D. Cal. July 29, 2021)
       2021 WL 3206209 ......................................................................... 14

*Redick v. Lowes Home Centers, LLC* (E.D. Cal. Aug. 29, 2022)
       2022 WL 3717996 ......................................................................... 15

*Rivera v. NIBCO, Inc.* (9th Cir. 2004)
       364 F.3d 1057................................................................................. 13

*Rutman Wine Co. v. E. & J. Gallo Winery* (9th Cir. 1987)
       829 F.2d 729 8 ................................................................................. 8

*Salazar v. Honest Tea, Inc.* (E.D. Cal. Oct. 28, 2015)
       2015 U.S. Dist. LEXIS 146357.................................................... 6, 8

*San Francisco Tech. v. Kraco Enterprises LLC* (N.D. Cal. June 6, 2011)
    2011 U.S. Dist. LEXIS 59933.................................................................5, 12

*Seven Springs Ltd. P'ship v. Fox Cap. Mgmt. Corp.* (E.D. Cal. Apr. 18, 2007)
    2007 U.S. Dist. LEXIS 32068...............................................................2, 7

*Skellerup Indus. Ltd. v. City of Los Angeles* (C.D. Cal. 1995)
    163 F.R.D. 598 .................................................................................8

*Spearman v. I Play, Inc.* (E.D. Cal. Mar. 19, 2018)
    2018 U.S. Dist. LEXIS 44815................................................................7

*Twin City Fire Ins. Co. v. Emps. Ins. of Wausau* (D. Nev. 1989)
    124 F.R.D. 652 ...........................................................................13, 14

*Wells Fargo & Co. v. ABD Ins.* (N.D. Cal. Dec. 10, 2012)
    2012 WL 6115612 ...........................................................................15

*Wood v. McEwen* (9th Cir. 1981)
    644 F.2d 797 ...............................................................................2, 7

**STATUTES**

18 U.S.C. § 1961...............................................................................3

CAL BUS. & PROF. CODE § 16720 ...............................................................3

CAL. BUS. & PROF. CODE § 17200 ..............................................................3

FED. R. CIV. P. 1 ..............................................................................1

FED. R. CIV. P. 12 ...........................................................................1, 8

FED. R. CIV. P. 26 .........................................................................1, 3, 5

Plaintiffs Henry's Bullfrog Bees, Golden Prairie Honey Farms Corporation (d/b/a Valor Honey), and Kelvin Adee (collectively, "Plaintiffs") respectfully submit this memorandum of points and authorities in opposition to the motion to stay discovery filed by Defendants Sunland Trading, Inc. ("Sunland"), Lamex Foods, Inc. ("Lamex"), Export Packers Company Limited (d/b/a Odem International) ("Odem"), Barkman Honey, LLC ("Barkman"), Dutch Gold Honey, Inc. ("Dutch Gold"), True Source Honey, LLC ("True Source"), and NSF International ("NSF") (collectively, "Defendants"). *See* Defs.' Mot. Stay Disc., ECF No. 127 ("Mot.").

For the reasons below, Defendants' Motion is meritless, and the Court should deny it.

## INTRODUCTION

Delay of justice results in the denial of justice. During a stay, witnesses relocate, memories fade, and persons aggrieved are unable to seek vindication or redress. Unwarranted delay thwarts the goal of Federal Rule of Civil Procedure 1, to "secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

Moreover, there is no automatic stay of discovery during the pendency of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Instead, as Defendants admit, a party moving to stay discovery while a motion to dismiss is pending must show good cause to do so under Federal Rule of Civil Procedure 26(c).

Defendants' Motion does not come close to meeting their "heavy burden" of making a "strong showing" as to why this meritorious action should be stayed. Defendants' superficial statements and vague articulations are insufficient. They do not, as they must, attempt to take a "peek" at the merits of their motions to dismiss,[1] instead offering only conclusory assertions. They fall far short of any effort to show there is an

---

[1] "District courts have consistently found that a judge deciding whether to issue a stay of discovery should take a 'peek' at the merits of the potentially dispositive motion in evaluating whether a stay should issue." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128, at *28 (E.D. Cal. Feb. 7, 2011).

"immediate and clear possibility," or to leave the Court "convinced," that their motions to dismiss will prevail.[2]

Defendants' Motion to Stay boils down to an argument that the Court should stay discovery because (i) Defendants have filed motions to dismiss pursuant to Rule 12(b)(6) and Rule 9(b); (ii) antitrust discovery, by its very nature, is burdensome; and (iii) Plaintiffs will eventually have 18 months to conduct discovery, after Defendants file their answers. These arguments fall far short of satisfying the "heavy burden" to show "good cause" sufficient to justify a stay of discovery. The Court should deny Defendants' Motion and allow discovery to proceed apace.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### I.    Relevant Factual Background

Since at least 2017, Sunland, Lamex, and Odem (the "Importer Defendants") have distributed low-cost, low-quality, fake honey purporting to be genuine to entities throughout the United States, including to Barkman and Dutch Gold (the "Packer Defendants"). Second Am. Compl. ¶¶ 107-25, ECF No. 98 ("SAC"). The Packer Defendants knowingly purchase the fake honey, process it, and resell it in the U.S. retail, wholesale, and bulk ingredient markets as genuine. *Id*. ¶¶ 113, 126-40. True Source facilitates this fraud by coordinating with NSF (the "Certifier Defendants"), to audit, test, and certify "the origin, food safety, and purity of the honey." *Id*. ¶ 64; *see also id*. ¶¶ 1, 7-14, 48, 84-88, 116, 135, 190, 277. Despite claiming to be an industry watchdog ensuring the supply chain is free from adulterated honey, however, True Source intentionally fails to monitor the Importer and Packer Defendants for compliance with its own certification

---

[2] A "district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2018 U.S. Dist. LEXIS 26244, at *2 (N.D. Cal. Feb. 16, 2018) (emphasis added) (*quoting Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). A party seeking a discovery stay must demonstrate an "immediate and clear possibility" that the Court will grant its motion to dismiss, *GTE Wireless, Inc.*, 192 F.R.D. at 287, or, alternatively, it must make a "clear and convincing" showing that it will prevail on the merits of its motion, *Seven Springs Ltd. P'ship v. Fox Cap. Mgmt. Corp.*, No. S-07-0142 LKK GGH, 2007 U.S. Dist. LEXIS 32068, at *5-6 (E.D. Cal. Apr. 18, 2007).

requirements. *Id*. at ¶¶ 89-96. True Source has a strong interest in perpetuating the fraud, since its Board of Directors is comprised of the entities that it audits. *Id*. at ¶ 89. Both the Importer and Packer Defendants, as members of True Source, utilize the True Source Certified Seal to represent the honey they sell is authentic. *Id*. ¶¶ 72, 75-78, 86.

By conspiring to import and sell fake honey certified as genuine, Defendants harmed and continue to harm the U.S. honey market, including Plaintiffs and other domestic commercial beekeepers who sell genuine honey. *Id*. ¶ 141. The Importer and Packer Defendants sell the fake honey in the U.S. for substantially less than the fair market price of the genuine honey produced and sold by Plaintiffs and the class members. *Id*. ¶ 142. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiffs and the class members lost sales of genuine honey to Defendants, or had to sell their genuine honey at deeply-discounted prices, eliminating or severely impeding their ability to profit or increase their output. *Id*. ¶ 145. Plaintiffs seek compensatory and prospective injunctive relief relating to Defendants' violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"); the Sherman Antitrust Act, 15 U.S.C. § 1; California's Cartwright Act, CAL BUS. & PROF. CODE § 16720; and California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200, *et seq*. ("UCL"); and for Defendants' unjust enrichment. SAC ¶¶ 3, 164-284.

## II.    Relevant Procedural History

Plaintiffs filed this case on March 29, 2021. Compl., ECF No. 1. On June 28, 2021, Plaintiffs filed their First Amended Complaint ("FAC"). ECF No. 43. On August 6, 2021, the Court approved a stipulation of the parties and ordered, among other things, that "[a]ll discovery in this case shall be stayed until 60 days following the filing of the last reply filed in support of any defendant(s)' motion(s) to dismiss the [FAC]" (the "Discovery Stay Period"); that the "deadline for the parties to confer as required by Federal Rule of Civil Procedure 26(f) shall be extended to the earlier of (i) 60 days following the filing of the last reply filed in support of any defendant's motion(s) to dismiss the [FAC], and (ii) 30 days following the last Court order ruling on all motions to dismiss (to the extent any

1    claims remain following an order)"; and that "[t]he deadline to complete all discovery, with

2    the exception of expert discovery, shall be extended to 18 months from the date upon

3    which the last answer may be filed with the Court pursuant to the Federal Rules of Civil

4    Procedure." Joint Stip. & Order re Disc. Stay & Deadlines 3, 8, ECF No. 57.

5          Defendants moved to dismiss the FAC on August 16, 2021. ECF Nos. 64, 67-68,

6    70-72. Plaintiffs opposed on September 30, 2021, ECF Nos. 74-79, and Defendants filed

7    replies on November 8 through November 10, 2021, ECF Nos. 82-87. On November 5,

8    2021, the Court took the motions under submission without oral argument and vacated

9    the hearing. ECF No. 81. At the end of the Discovery Stay Period, Defendants filed a

10   motion to stay discovery pending the outcome of the motions to dismiss the FAC. ECF

11   No. 88.

12         On February 25, 2022, the Court dismissed Plaintiffs' FAC on grounds Plaintiffs'

13   claims did not meet Rule 9(b)'s pleading requirements. ECF No. 95. Defendants' motion

14   to stay discovery was thus denied as moot. *Id.* at 6-7. Additionally, the Court gave

15   Plaintiffs leave to file an amended complaint.

16         On March 28, 2022, Plaintiffs filed their SAC. Plaintiffs addressed the Court's

17   comments concerning the specificity required to state a claim, by alleging with particularity

18   *how* Defendants perpetrated their scheme to introduce fake honey into the United States'

19   honey market. Among other things, the SAC newly specifies that an accredited food

20   testing laboratory has revealed widespread use of extraneous, non-honey syrups in

21   products labeled as True Source Certified "honey" and sold by Barkman and Odem in the

22   United States, SAC ¶ 1, and alleges the honey at issue "contains extraneous syrups

23   and/or is processed with resin technology which changes the honey's fundamental

24   composition," *id.* at ¶¶ 7-9. Plaintiffs also newly support their allegations of knowledge of

25   wrongdoing by alleging NSF accepts bribes from True Source Certified exporters and

26   packers to conduct sham, cursory audits. *Id.* at ¶¶ 14, 97-98. Despite these allegations,

27   Defendants filed six Motions to Dismiss the SAC, and briefing on these motions was

28   completed in May 2022. *See* ECF Nos. 115-16, 118-20, 122. The Court has not yet ruled

1   on these motions.

2                                **ARGUMENT**

3         Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain

4   discovery regarding any nonprivileged matter that is relevant to any party's claim or

5   defense and proportional to the needs of the case" and that "[i]nformation within this scope

6   of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P.

7   26(b)(1).

8         As Defendants acknowledge, Federal Rule of Civil Procedure 26(c) governs stays

9   of discovery. *See San Francisco Tech. v. Kraco Enterprises LLC*, No. 5:11-cv-00355 EJD,

10  2011 U.S. Dist. LEXIS 59933, at *3-6 (N.D. Cal. June 6, 2011); Mot. at 3. Under the Rule,

11  "[t]he court may, for good cause, issue an order to protect a party or person from . . .

12  undue burden or expense," including forbidding discovery. FED. R. CIV. P. 26(c).

13        To show "good cause" in this context, the moving party bears a "heavy burden"

14  that requires a "strong showing" sufficient to justify deviation from the default rule

15  permitting discovery. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990);

16  *accord Driscoll's, Inc. v. Cal. Berry Cultivars, LLC*, No. 2:19-cv-00493-TLN-CKD, 2021

17  U.S. Dist. LEXIS 204557, at *16-17 (E.D. Cal. Oct. 22, 2021) ("It is well-established that

18  a party seeking a stay of discovery carries the heavy burden of making a strong showing

19  why discovery should be denied."). Meeting this high standard requires a showing that

20  "specific prejudice or harm will result" if no stay is ordered. *Foltz v. State Farm Mut. Auto.*

21  *Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Vague generalizations are insufficient.

22  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations

23  of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the

24  Rule 26(c) test."). "The district court has wide discretion in controlling discovery." *Little v.*

25  *City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

26  **I.      The Court Should Deny Defendants' Request to Stay Discovery**
    **Because They Have Not Met Their "Heavy Burden" to Show Good**
27  **Cause for a Blanket Stay of Discovery**

28        In California's district courts, "[a] two-pronged test is used to determine whether a

protective order should issue staying discovery." *Driscoll's, Inc.*, 2021 U.S. Dist. LEXIS 204557, at \*17 (*citing Lowery v. F.A.A.*, No. Civ. S-93-1352 EJG/GGH, 1994 U.S. Dist. LEXIS 21984, at \*8-10 (E.D. Cal. Apr. 11, 1994)). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id*. "Second, the court must determine whether the pending dispositive motion can be decided absent discovery." *Id*. "If the court answers these two questions in the affirmative, a protective order may ensue." *Lowery*, 1994 U.S. Dist. LEXIS 21984, at \*9. "However, if either prong of this test is negative, discovery proceeds." *Id*. at \*9-10.

Furthermore, "[i]n evaluating a motion to stay, a court 'inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Salazar v. Honest Tea, Inc*., 2:13-cv-02318-KJM-EFB. 2015 U.S. Dist. LEXIS 146357, at \*4 (E.D. Cal. Oct. 28, 2015); *accord Oertell v. Six Flags Ent. Corp*., No. 2:17-cv-00267-TLN-DB, 2018 U.S. Dist. LEXIS 9067, at \*4-5 (E.D. Cal. Jan. 19, 2018) (Nunley, J.).

As discussed below, Defendants' Motion fails both prongs of the two-part test, *see infra* Argument §§ I.A-B, and Defendants otherwise fail to carry their heavy burden to demonstrate good cause to stay discovery while their motions to dismiss are pending, *see infra* Argument § I.C.

> **A.    Defendants Have Not Attempted to Demonstrate an "Immediate and Clear Possibility" That the Court Will Grant Their Motions to Dismiss.**

To satisfy the first prong of the two-part test, it is not enough for a moving party to show only that its motion to dismiss, if granted, would dispose of the entire case. Rather, "[d]istrict courts have consistently found that a judge deciding whether to issue a stay of discovery should take a 'peek' at the merits of the potentially dispositive motion in evaluating whether a stay should issue." *Mlejnecky v. Olympus Imaging Am., Inc*., No. 2:10-cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128, at \*28 (E.D. Cal. Feb. 7, 2011);

*accord Driscoll's, Inc.*, 2021 U.S. Dist. LEXIS 204557, at *19; *Spearman v. I Play, Inc.*, No. 2:17-cv-01563-TLN-KJN, 2018 U.S. Dist. LEXIS 44815, at *4 (E.D. Cal. Mar. 19, 2018) (Nunley, J.) (court took "a 'preliminary peek' at the merits of the underlying motions to dismiss"). A party seeking a discovery stay must demonstrate an "immediate and clear possibility" that the Court will grant its motion to dismiss, *GTE Wireless, Inc.*, 192 F.R.D. at 287, or, alternatively, it must make a "clear and convincing" showing that it will prevail on the merits of its motion, *Seven Springs Ltd. P'ship v. Fox Cap. Mgmt. Corp.*, No. S-07-0142 LKK GGH, 2007 U.S. Dist. LEXIS 32068, at *5-6 (E.D. Cal. Apr. 18, 2007); *see also Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, at *23-28 (discussing standards courts have applied in evaluating the first prong).

As noted above, a "district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2018 U.S. Dist. LEXIS 26244, at *2 (N.D. Cal. Feb. 16, 2018) (emphasis added) (*quoting Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). "Generally, there must be no question in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013). "Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Id.*

Tellingly, Defendants do not attempt to show under either standard that the Court will grant their motions to dismiss. They merely claim, in conclusory fashion, that their motions offer "compelling grounds" for dismissal. Mot. at 4. Defendants have fallen far short of showing an "immediate and clear possibility," or of making a "clear and convincing" showing, that the Court will grant their motions. *See Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, at *23-28. This failure dooms Defendants' arguments under the first prong.[3] *See id.*

---

[3] Defendants rely upon *Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*, No. 1:20-

### i.   Merely Filing a Motion to Dismiss Does Not Warrant a Stay

Defendants suggest that the mere filing of their Rule 12(b)(6) motions *entitles* them to a stay of discovery. Mot. at 2, 7 (citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). This is wrong. "[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, at *18; *accord EHang Inc. v. Wang*, No. 21-cv-02700-BLF, 2021 U.S. Dist. LEXIS 158041, at *5 (N.D. Cal. Aug. 20, 2021) (denying motion to stay discovery while motion to dismiss was pending). "'Indeed, district courts look unfavorably upon such blanket stays of discovery,' because delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar*, 2015 U.S. Dist. LEXIS 146357, at *4 (citations omitted).

"Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect." *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). "In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Id.* at 601; *see also Lemmon v. Pierce Cty.*, No. C21-5390RSL, 2021 U.S. Dist. LEXIS 218538, at *2 (W.D. Wash. July 7, 2021) ("The mere existence of a motion to dismiss is insufficient on its own to warrant a stay of discovery . . . ."); *Ocean Garden Prod. Inc. v. Blessings Inc.,* No. CV-18-00322-TUC-RM, 2020 U.S. Dist. LEXIS 132343, at *10 (D. Ariz. July 27, 2020) ("[Defendant's] filing of dismissal motions did not automatically relieve it of its obligation to respond to [plaintiff's] discovery requests . . . .").

The order denying the defendants' motion to stay discovery in the antitrust case of *Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co.*, No. 5:16-cv-06370-EJD, 2018 U.S. Dist. LEXIS 26244 (N.D. Cal. Feb. 16, 2018), is on point. In *Optronic Technologies, Inc.*, the court granted the defendants' motion to dismiss the plaintiff's

---

cv-01518-NONE-JLT, 2021 U.S. Dist. LEXIS 113107 (E.D. Cal. June 16, 2021), however that case is inapposite because there, the parties *agreed* to stay discovery. *Id.* at *1.

complaint in its entirety, with leave to amend. *Optronic Techs., Inc.*, 2018 U.S. Dist. LEXIS 26244, at *1. The plaintiff filed an amended pleading, and the defendants again moved to dismiss. *Id.* The defendants then moved to stay discovery. *Id.* at *1-2. The court denied the motion to stay discovery. *Id.* at *6. The court observed:

> Discovery stays are not automatic, however, and the two-factor test is not satisfied by superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation. Rather, "[t]he moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." This requirement accounts for the fact that blanket stays of all discovery matters are an exception to the rules rather than enunciated in the rules.

*Id.* at *2-3. Applying the two-factor test, the court held the first factor was "only superficially satisfied" because even though the motion to dismiss could lead to dismissal of the entire case, the defendants had not cited anything rendering dismissal more likely than denial of the motion, "outside of their own opinion of the Amended Complaint's deficiencies." *Id.* at *3-4.  They had not, for example, "explained why the Amended Complaint is 'utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value.'" *Id.* at *4. Here, as in *Optronic Technologies, Inc.*, Defendants have not shown that dismissal is more likely than denial of their motions to dismiss, outside of their own conclusory belief that their motions to dismiss are "compelling." Mot. at 4. As in *Optronic Technologies, Inc.*, that is insufficient to carry Defendants' burden.

If Defendants' suggestion that the mere filing of a Rule 12(b)(6) motion always resulted in a stay of discovery were correct, federal litigation would be bottlenecked, and the courts would be clogged with iterative motions and stayed litigation. That is not reality, and it is not the law.

### ii.      Defendants' Motions to Dismiss Lack Merit.

As discussed above, Defendants have done little more than argue in conclusory fashion that their motions to dismiss should be granted *See* Mot. at 5-6. That is insufficient to satisfy their threshold showing there is an "immediate and clear possibility" (or the Court should be "convinced") that their motions will be granted.

Defendants argue the SAC still fails to plead fraud with particularity under Rule 9(b), Mot. at 5, despite the additional allegations Plaintiffs have added to sufficiently to provide Defendants notice of the alleged fraud, including how Defendants' honey was adulterated. Plaintiffs first identifies, with particularity, specific shipments of adulterated honey imported by the Importer Defendants (Lamex, Sunland, and Odem). SAC ¶¶ 121-25. Then Plaintiffs identify specific testing of the Packer Defendants' (Barkman and Dutch Gold) honey, which was revealed not to be authentic. Among other things, Plaintiffs allege:

> At the request of Barkman, Odem's honey was tested in June 2018 by an accredited food testing laboratory using NMR technology and 24 of its samples originating from India were found to be adulterated with added sugar syrup. After receiving the results, Barkman ceased contact with the laboratory and turned instead to Intertek to provide testing, knowing that Intertek would provide the results it was looking for. Barkman went on to sell the adulterated honey it purchased from Odem to purchasers in the United States during the Class Period.

SAC ¶ 113. Plaintiffs also allege, "[i]n September 2020, Dutch Gold 'honey' from Vietnam and India was tested by an accredited laboratory and found to contain extraneous non-honey syrups, meaning it is adulterated, fake honey." *Id.* ¶ 131. Plaintiffs further allege that True Source certified both Barkman and Dutch Gold's honey in 2011 and annually thereafter, knowing their "honey" is fake or adulterated and having caused NSF and Intertek to engage in sham auditing and testing to obscure the adulteration. *Id.* ¶¶ 137-38. Plaintiff additionally alleges *how* the honey was fake—namely, that it was processed with extraneous syrups and/or with resin technology that changed the honey's fundamental composition. *Id.* at ¶¶ 7-9. These allegations are sufficient to satisfy the Rule 9(b) pleading standard.

Defendants' arguments concerning Plaintiffs' RICO and antitrust claims are also unpersuasive. With respect to RICO, and as discussed in Plaintiffs' Opposition to Defendants' Omnibus Motion to Dismiss (ECF No. 110), the SAC more than sufficiently alleges proximate causation, *id.* at 7-9; plausible associated-in-fact enterprises, *id.* at 9-10; that Defendants conducted the affairs of those enterprises, *id.* at 10-11; a pattern of

1    racketeering activity, *id.* at 11; and a conspiracy to violate RICO, *id.*

2         With respect to Plaintiffs' antitrust claims, Plaintiffs have shown that they have

3    standing to bring antitrust claims, *id.* at 19-20; that their claims give rise to *per se* violations

4    of the antitrust laws, *id.* at 12-13; and that, in any event, the SAC plausibly alleges

5    Defendants violate the rule of reason, *id.* at 13-19. Plaintiffs have plausibly alleged a

6    conspiracy to restrain trade, *id.* at 20-24, as well as a relevant market, market power, and

7    harm to competition, *id.* at 13-19.

8         The UCL and unjust enrichment claims should also survive dismissal. The SAC

9    sufficiently alleges UCL standing and both "unlawful" and "unfair" business practices, and

10   their UCL claims are not preempted. *Id.* at 24-25. And contrary to Defendants' arguments,

11   unjust enrichment is an independent cause of action, and Plaintiffs' unjust enrichment

12   claims do not depend on the same factual allegations as their other claims. *Id.* at 25.

13        At minimum, there are complex issues for the Court to analyze that cannot be

14   resolved at first blush, and Defendants have fallen far short of showing, for purposes of

15   this Motion, an "immediate and clear possibility" that their motions to dismiss will be

16   granted in full.

17        Furthermore, in the unlikely event that Defendants' motions to dismiss are granted

18   in full, any issues could be cured by an amended pleading. Leave to amend must

19   generally be granted if a shortcoming in the pleadings can be cured. *Eminence Cap., LLC*

20   *v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (Rule 15's policy that "leave shall be

21   freely given when justice so requires" is "to be applied with extreme liberality"). Since

22   Plaintiffs are free to use the information obtained in discovery in any amended complaint,

23   no party's discovery efforts would be wasted.

24        In short, discovery should not be stayed because Defendants have not shown an

25   "immediate and clear possibility" that their motions to dismiss could prevail; and even if

26   Defendants' motions are granted, there would be no final disposition of the case, and the

27   need for discovery would not be eliminated.

28

1

2

**B.    If the Court Denies Defendants' Motion to Stay Discovery, Plaintiffs Would Serve Discovery Requests That Are Relevant to Defendants' Unlawful Conduct**

3    The Court should hold the second factor weighs in Plaintiffs' favor as well, because

4   Plaintiffs seek to propound discovery requests that are relevant to Defendants' motions

5   to dismiss. "*Mlejnecky* [*v. Olympus Imaging Am., Inc.*] requires this Court to permit

6   discovery that is relevant to an outstanding motion, ***even if the motion could be decided***

7   ***without it***, because preventing discovery on information relevant to the potentially

8   dispositive motion would be an abuse of this Court's discretion." *Glob. Commodities*

9   *Trading Grp., Inc. v. Beneficio De Arroz Choloma, S.A.*, No. 2:16-cv-01045-TLN-CKD,

10   2016 WL 7474912, at *2 (E.D. Cal. Dec. 29, 2016) (emphasis added); *see also Mlejnecky*

11   *v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630, 2011 WL 489743, at *7 (E.D. Cal. Feb.

12   7, 2011) ("Indeed, the Ninth Circuit Court of Appeals has indicated that, under certain

13   circumstances, a district court abuses its discretion if it prevents a party from conducting

14   discovery that is relevant to the basis for the potentially dispositive motion.").

15   Here, Plaintiffs have not yet served discovery on Defendants, and the Court has

16   taken Defendants' Rule 12(b)(6) motions under submission. However, if the Court denies

17   Defendants' Motion to Stay Discovery, Plaintiffs will serve discovery requests that are

18   relevant to the bases for Defendants' motions to dismiss. For example, Plaintiffs will serve

19   requests for production of documents seeking the results of any authenticity testing

20   Defendants have done on the honey they imported, packed, audited, certified, and sold.

21   For another example, Plaintiffs will serve requests for production of documents

22   concerning any investigations or audits Defendants have conducted regarding the use of

23   extraneous syrups or resin technology to produce the honey at issue.

24   Even if case law such as *Mlejnecky* did not require the Court to permit discovery

25   that is relevant to the bases of the outstanding motions to dismiss, "there is greater benefit

26   to allowing discovery to proceed at this time even [if] such discovery is not required to

27   resolve [Defendants'] Motion[s] to Dismiss as it would promote the court's interest, as well

28   as that of the public, in judicial efficiency and timely resolution of litigation." *San Francisco*

*Tech. v. Kraco Enterprises LLC*, No. 5:11-cv-00355-EJD, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011).

### C. Defendants Have Failed to Show They Would Suffer Any Specific Prejudice or Harm If Discovery Proceeds.

The party seeking a protective order bears the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). It has been established, for decades, that "showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order." *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Arellano v. Calderon*, 2023 WL 4568772, at *3 (S.D. Cal. July 14, 2023) ("The fact that participating in discovery may involve some inconvenience and expense . . . is not sufficient to support a stay." (citations omitted)). Rather, "[c]ourts have insisted on a particular and specific demonstration of fact, as distinguished from conclusory statements, in order to establish good cause." *Twin City Fire Ins. Co.*, 124 F.R.D. at 653.

Here, Defendants assert that they "would suffer significant prejudice *if* they are required to invest substantial time, money, and resources to gather, review, and produce voluminous documents and data relating to honey shipments, certification, and other topics going back many years . . . ." Mot. at 7 (emphasis added). But this type of conclusory and hypothetical assertion of burden does not constitute "a particular and specific demonstration" of harm, *Twin City Fire Ins. Co.*, 124 F.R.D. at 653, but rather only the potential for the ordinary "inconvenience and expense [of discovery that] does not suffice to establish good cause to stay discovery," *Flores v. Merck & Co.*, 2021 WL 4781503, at *2 (D. Nev. Oct. 13, 2021).

Given that a conference of parties under Rule 26(f) has not even taken place and no discovery has been served, Defendants cannot show "specific prejudice or harm" that will result from discovery proceeding, *see Foltz*, 331 F.3d at 1130. Rather, Defendants' assertions are hypothetical. Given this, it is not surprising that courts have found that they

"cannot evaluate the burden and proportionality of the discovery until discovery has opened," *Allen v. Protective Life Ins. Co.*, 2020 WL 5074021, at *3 (E.D. Cal. Aug. 27, 2020) (denying "Defendants' motion to stay discovery as premature" where the 26(f) conference had not taken place).

That the predominant theme in Defendants' Motion is that discovery should be stayed because "antitrust discovery can be expensive," Mot. at 7 (citation and quotation marks omitted), simply highlights that they lack "a particular and specific demonstration of fact, as distinguished from conclusory statements," as required to carry their burden of showing good cause, *Twin City Fire Ins. Co.*, 124 F.R.D. at 653. *See also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" for protective orders) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986) (internal quotation marks omitted)); *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987) (requiring party requesting a protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm"). *See also Peyton v. Kibler*, 2021 WL 3206209, at *2 (E.D. Cal. July 29, 2021) ("Rule 26 requires 'specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm.'" (quotation omitted)), *report and recommendation adopted*, 2021 WL 4804058 (E.D. Cal. Oct. 14, 2021).

### i.     That This is an Antitrust Case Does Not Justify a Stay

Defendants' reliance on Plaintiffs' assertion of antitrust claims to stay all discovery, Mot. 7-8, is misplaced. *See Optronic Techs., Inc.*, 2018 WL 1569811, at *2 ("[T]he costs and burdens of antitrust discovery do not erect an automatic barrier to discovery in every case in which an antitrust defendant challenges the sufficiency of a complaint."). [4] While

---

[4] This principle was previously laid out in detail. *See* 2022 Opp. to Mot. to Stay Discovery at 13-15.

1   Defendants argue the costs of discovery in antitrust actions are "prohibitive," Mot. at 7,

2   they provide no actual evidence of the burden that would be imposed—much less prove

3   it is prohibitive. Indeed, they cannot, since there are no requests presently directed at

4   Defendants. And Defendants lack standing to assert objections for discovery directed at

5   third parties based on *burden*. *See Redick v. Lowes Home Centers, LLC*, 2022 WL

6   3717996, at *3 (E.D. Cal. Aug. 29, 2022) ("The general rule . . .  is that a party has no

7   standing to quash a subpoena served upon a third party, except as to claims of privilege

8   relating to the documents being sought." (quoting *California Sportfishing Prot. All. v. Chico*

9   *Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014))). Because Defendants lack

10  standing to raise objections of burden on behalf of third parties, they have not established

11  good cause to stay all discovery. *See Redick*, 2022 WL 3717996, at *3 ("Under this

12  general rule, plaintiff lacks standing to object to the subpoena on grounds of relevance or

13  undue burden." (citing *Wells Fargo & Co. v. ABD Ins.*, 2012 WL 6115612, at *2 (N.D. Cal.

14  Dec. 10, 2012))).

15              **ii.    Extending the Stay Further Would Prejudice Plaintiffs**

16          Defendants argue Plaintiffs "will have ample time to complete discovery if and after

17  answers are filed," Mot. at 9, but this ignores that, absent the ability to conduct discovery,

18  for example, of third parties, relevant documents may be destroyed as such parties may

19  be under no obligation to put litigation holds on the destruction of documents. Thus, not

20  only with evidence in the possession, custody, or control of Defendants, but in particular

21  with evidence controlled by third parties there is a significant risk that such evidence will

22  be destroyed or simply erode—undermining the carriage of justice since invariably

23  memories may fade, evidence may become stale or lost, or witnesses may die or move

24  away. *Cf. Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d

25  718, 724 (9th Cir. 2007) ("[L]engthy and indefinite stays place a plaintiff effectively out of

26  court. Such an indefinite delay amounts to a refusal to proceed to a disposition on the

27  merits. Even if litigation may eventually resume, such stays create a 'danger of denying

28  justice by delay.' Delay 'inherently increases the risk that witnesses' memories will fade

and evidence will become stale.' Additionally, in some cases plaintiffs may go out of business awaiting recovery or face irreparable harm during the time that their suits are on ice." (citations omitted)); *Commodity Futures Trading Comm'n v. Fin. Tree*, 2021 WL 2681920, at *4 (E.D. Cal. June 30, 2021) (Nunley, J.) ("delay in proceedings is prejudicial because witnesses may die or move away, memories fade, evidence may be lost or become stale or enforcement resources may be diverted").

The existential risk of an ongoing stay to Plaintiffs is readily apparent from the SAC itself. "Plaintiff Bullfrog Bees is unable to get a fair price for the genuine honey it produces and cannot even break even, i.e., sell its honey for its cost of production. As a result, Bullfrog Bees has been forced to sell its genuine honey only to local retailers, leaving it without the ability to grow the number of hives it maintains, increase the amount of honey it produces, or otherwise grow its business." SAC ¶ 147. Additionally, "Valor Honey is unable to compete with the low price at which Defendants sell their fake honey, and, as a result of Defendants' wrongful and unlawful conduct, cannot even break even when selling its honey. This is because nearly every mass retailer . . . is unwilling to pay a fair price for Valor Honey's honey . . . ." *Id.* ¶ 148. Moreover, Plaintiff Adee Honey Farms, the largest honey production farm in the country, "has been forced to sell its genuine honey at a substantially lower-than-break-even price, and often cannot sell its honey at all." *Id.* ¶ 149. Indeed, "Adee is currently storing over 6 million pounds of honey it has been unable to sell because Defendants and other potential customers will not buy it when they can instead purchase for a lesser price fake honey that is True Source Certified." *Id.* Plaintiffs should not be denied justice by further and indefinite delay.

### CONCLUSION

For the reasons given above, the Court should deny Defendants' Motion and order Defendants to comply with their discovery obligations.

Date: November 7, 2023

Respectfully submitted,

**MILSTEIN JACKSON**
**FAIRCHILD & WADE, LLP**

By: _Gillian L. Wade_
Gillian L. Wade, State Bar No. 229124
*gwade@mjfwlaw.com*
Sara D. Avila, State Bar No. 263213
*savila@mjfwlaw.com*
Marc A. Castaneda, State Bar No. 299001
*mcastaneda@mjfwlaw.com*
10990 Wilshire Boulevard, 8th Floor
Los Angeles, California 90024
Telephone: (310) 396-9600

**REESE LLP**
Michael R. Reese, State Bar No. 206773
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
George V. Granade, State Bar No. 316050
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**FITZGERALD JOSEPH LLP**
Jack Fitzgerald, State Bar No. 257370
*jack@fitzgeraldjoseph.com*
Paul K. Joseph, State Bar No. 287057
*paul@fitzgeraldjoseph.com*
Melanie Persinger, State Bar No. 275423
*melanie@fitzgeraldjoseph.com*
Trevor M. Flynn, State Bar No. 253362
*trevor@fitzgeraldjoseph.com*
Caroline S. Emhardt
*caroline@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Telephone: (619) 215-1741

*Counsel for Plaintiffs*

---

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY
*Henry's Bullfrog Bees v. Sunland Trading, Inc.*, No. 2:21-cv-00582- DJC-CKD

17